GEORGIA M. PESTANA, ESQ.
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street, Room 20-093
New York, New York 10007
Of Counsel: Gerald E. Singleton, Esq.
Office: (212) 356-2036
Fax: (212) 356-2038
Cell: (917) 734-7906
gsinglet@law.nyc.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CITY OF NEW YORK,

                                        Plaintiff,

                                                                    Civil Action No.

            v.-

ROBERT G. LOPEZ, an individual,                      **21 CIV. 7862**

                                        Defendant.

------------------------------------------------------------------- X          **COMPLAINT**

        Plaintiff, the City of New York (the "City"), by its attorney, Georgia M. Pestana,

Corporation Counsel of the City of New York, for its Complaint against defendant Robert G.

Lopez ("Lopez"), alleges as follows:

                                **NATURE OF ACTION**

        1.        This is an action for trademark counterfeiting, false designation of origin, and unfair

competition under the federal Lanham Act, and associated common law and statutory claims under

New York state law, based upon Defendant Lopez's willful infringement of trademarks and service

marks owned by the City in connection with his branding and promotion of cannabis-related goods

and services using spurious marks that are virtually identical and substantially indistinguishable

from several of the City's most recognizable and iconic trademarks.

1

2.      As illustrated by the side-by-side comparison below, Defendant Lopez has copied

several well-known federally registered trademarks and service marks owned by the City to create

various NYC NEW YORK CANNABIS™ marks, including "NYC direct", "NYC New York

Cannabis", and "New York Cannabis Department of Cultivation" (collectively referred to

hereinafter as the "NYC NEW YORK CANNABIS Marks") ,.

| The City's Registered Marks | Dft.'s NYC New York Cannabis Marks |
|---|---|
|  |  |
|  |  |
|  |  |



3.      Defendant Lopez rejected the City's demand to cease and desist his infringing conduct and has instead expanded his unlawful use of the NYC NEW YORK CANNABIS Marks. Defendant is selling a variety of goods and apparel bearing the infringing marks, including snapback hats, hoodies, t-shirts, decals, and pouches for cannabis. Over the last several months, Defendant has progressively expanded his use of the infringing marks and is now also offering trademark licensing and cannabis-related business consulting services to third parties. The City recently learned that Defendant has obtained New York state trademark and service mark registrations and has also applied for federal trademark and service mark registrations covering his expanded use of his NYC NEW YORK CANNABIS Marks, thereby markedly ratcheting up the threat of irreparable injury and damage to the City.

4.      The use of virtually identical iterations of the City's registered marks by Defendant is unquestionably actionable as trademark infringement because an appreciable number of consumers will mistakenly believe that Defendant's goods and services are sponsored, endorsed

and/or affiliated with the City and because the use of such spurious marks will tarnish and dilute the acquired distinctiveness and value of the City's registered marks.

5.      Defendant Lopez has a history of copying and mimicking well-known trademarks in order to capitalize and trade upon the goodwill associated with such marks; and he currently sells a number of different snap-back hats bearing marks that closely resemble iconic trademarks owned by third parties, such as I ♥ NY, the S.F. Giants, the NFL, the Los Angeles Lakers, the Olympics, and the Las Vegas Welcome sign.

6.      Defendant does not deny his slavish copying the City's marks to create his NYC NEW YORK CANNABIS Marks, but instead, citing 20+ years of experience as a non-lawyer managing intellectual property, has frivolously asserted that his liberal borrowing and adulteration of the City's iconic marks is permissible and defensible as a "fair use" and "parody."

## **PARTIES**

7.      The City is a municipal corporation organized pursuant to the laws of the State of New York, with its principal offices in the State of New York, County of New York.

8.      Defendant Lopez is a citizen and resident of the State of New York, County of New York, residing at 230 Clinton Street, Apt. 11C, New York, NY 10002 and operating a retail store located at 40 Clinton Street, New York, NY 10002 and an online store at www.lesclothing.com and www.nyc-cannabis537.nyc.

## **JURISDICTION AND VENUE**

9.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367, and the doctrine of pendent jurisdiction.

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

# FACTS

## The City's Federally Registered Marks

11.     The City owns valid and subsisting federal registrations in a number of classes

covering souvenir merchandise for trademarks and service marks used by City agencies, including

the NYC Department of Parks and Recreation, the NYC Department of Sanitation, and the NYC

Department of Transportation (hereinafter referred to as the "City Marks"), all of which have been

and continue to be in use in commerce, as follows:

| USPTO Reg. No. | Mark | Issue Date | Goods/Service |
|---|---|---|---|
| 3668124 | NYC | 8/19/2009 | Class 35 - Promoting business and tourism in the New York metropolitan area, namely, promoting the services of others in the fields of tourism, conventions, restaurants, retail stores, cultural activities, business and business investment in New York City through the distribution of printed, video, online, and audio promotional materials, press releases, press conferences, and the rendering of sales promotion advice; providing promotion of special events  Class 41 - Entertainment, namely, production and presentation of events in the nature of live show performances, live music concerts, live musical |

| | | | |
|---|---|---|---|
| | | | performances and cultural events |
| 3858973 | NYC | 10/12/2010 | Class 25 - Clothing; namely, caps, t-shirts and sweatshirts |
| 3921788 | NYC | 2/22/2011 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories therefor, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 4661895 | NYC | 12/30/2014 | Class 35 - Providing on-line web directory services featuring hyperlinks to the websites of municipal service agencies and departments of the City of New York |

| 3122929 |  | 8/1/2006 | Class 25 – Clothing, namely t-shirts, sweatshirts, and baseball caps<br><br>Class 41 -- Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |
| 3386271 |  | 2/19/2008 | Class 28 - Toys and sporting goods, namely, toy model cars, stuffed toy animals, toy dolls and accessories, articulated toy figurines, toy banks, and Christmas tree ornaments |
| 3780909 |  | 4/27/2010 | Class 25 - Clothing, namely, t-shirts, sweatshirts, rain jackets and slickers, and baseball caps<br><br>Class 41 - Education and entertainment services in the field of providing recreational park services and providing facilities for recreation activities |

| 3221347 |  | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |
|---|---|---|---|
| 3221348 |  | 3/27/2007 | Class 19 - Non-luminous, non-mechanical signs made out of laminated plastic |
| 3065742 |  | 5/7/2006 | Class 25 – T-shirts, sweatshirts, scarves, neckties and baseball caps<br><br>Class 28 -Toys and playthings, namely toy model cars, stuffed toy animals, toy dolls and accessories, molded plastic toy figurines, toy banks, Christmas tree ornaments, and jigsaw puzzles |
| 334502 |  | 11/27/2007 | Class 21 - Houseware and glasses, namely, coffee mugs, lunchboxes, thermal insulated containers for food and beverages, drinking glasses, dishes and plates |
| 5410509 |  | 2/27/2018 | Class 21 - Houseware and glasses namely, coffee mugs, thermal insulated containers for food or beverage, drinking glasses, glass carafes, glass dishes, |

| | | | |
|---|---|---|---|
| | | | plastic water bottles sold empty |
| 5241544 |  | 3/13/2018 | Class 28 -Toys and playthings, namely, toy model cars, stuffed toy animals, toy dolls and accessories, molded plastic toy figurines, toy banks, Christmas tree ornaments, and jigsaw puzzles |
| 5421546 |  | 3/13/2018 | Class 25 - Clothing, namely, T-shirts, sweatshirts, scarves, neckties, hoodies and baseball caps |
| 5461872 |  | 5/8/2018 | Class 14 - Jewelry, namely, watches, pins, rings, cuff links, chains, bracelets made of precious metals and their alloys and jewelry made of precious metals or coated therewith |
| 3350450 |  | 12/4/2007 | Class 21 – Housewares and glasses, namely, mugs, lunch boxes thermal insulated containers for food or beverages, drinking glasses, dishes and plates<br><br>Class 25 - Clothing, namely, T-shirts, sweatshirts, scarves, neckties, baseball caps, sweatpants, sweatbands, pants shorts, jackets, pullovers, boxers, and hats |

12.    True copies of the Registration Certificates issued by the USPTO for the City Marks are collectively annexed hereto as **Exhibit A**.

13.    U.S. Reg. No. 3668124: 3858973; 3921788; 4661895; 3122929; 3386271; 3780909; 3221347; 3221348; 3065742; and 3345202 are incontestable pursuant to U.S.C. § 1065.

14.    The City Marks and the associated common law rights have been used continuously by the City and its authorized licensees.

15.    The City Marks are inherently distinction and/or have become distinctive.

16.    The City operates and maintains an extensive merchandise licensing program, administered by the NYC & Company as the exclusive agent for the licensing of all of the City's various trademarks, pursuant to which a wide variety of officially licensed souvenir merchandise bearing the City Marks, including the registered marks shown above, is sold to the general public.

17.    Officially licensed City merchandise generally bears a hologram, hangtag, label and/or packaging identifying the City's marks as trademarks that are owned by the City.

18.    At all relevant times, Defendant Lopez was aware of the City's ownership and claimed exclusive rights in the City Marks for goods and services.

**Defendant's Use of the NYC NEW YORK CANNABIS Marks**

19.    At all relevant times, Defendant Lopez was aware that the City's was selling t-shirts and other merchandise bearing the City Marks.

20.    Upon information and belief, in late November or early December 2020, Defendants first began offering and selling t-shirts, hoodies and caps under the NYC NEW YORK CANNABIS™ as shown in the images below:






21.    Defendant Lopez knowingly copied the City Marks in creating his NYC NEW YORK CANNABIS Marks.

22.    Defendant Lopez is using the NYC NEW YORK CANNABIS Marks as trademarks and/or service marks to identify the source and origin of goods and services associated with such marks.

23.    Upon information and belief, sometime in 2018, Defendant Lopez began operating a retail store located at 40 Clinton Street, New York, NY 10002, selling clothing and apparel under the name LES Clothing Co.

11

24.     Upon information and belief, in March 2020, Defendant Lopez closed the retail store at 40 Clinton Street, New York NY 1002 due to the Covid-19 pandemic.

25.     Upon information and belief, in November 2020, Defendant Lopez reopened the retail store at 40 Clinton Street, New York NY 10002..

26.     Upon information and belief, Defendant Lopez uses social media, including Facebook and Instagram, to promote the NYC NEW YORK CANNABIS Marks.

27.     Upon information and belief, Defendant Lopez has given away free marijuana to purchasers of goods bearing the NYC NEW YORK CANNABIS Marks.

28.     Upon information and belief, on or about November 23, 2020, Defendant Lopez set up an Instagram webpage at www.nyc.cannabis.537 (the "Instagram Webpage"), with the first post stating, in relevant part, "take note of this iconic logo ahead of the wave 🌊 stay tuned for all your cannabis related news...info and merchandise - -advertise and promote your cannabis products with us!!! For more info or for any inquiries contact us at nyccannabis.537@gmail.com," accompanying the following image:



29.     On December 2, 2020, Defendant Lopez posted the following image on the

Instagram Webpage, stating, in relevant part, "new merch and accessories in production":



30.     On December 3, 2020, Defendant Lopez posted the following image on the

Instagram Webpage, stating, in relevant part, "new #Merchalert - -#Snapbacks and

#VinylStickers available at 40 Clinton Street #LeSNyC #LowerEastSide "online shop" launching

ASAP":



31.     On December 3, 2020, Defendant Lopez posted the following image on the

Instagram Webpage, stating, in relevant part, "new #Merch alert - -#Hoodie season status

#Heavyweight #Authentic #Goods #NewYork work - - temporarily available at

www.lesclothing.com - - sizes Small through 3X":



32.     On December 3, 2020, Defendant Lopez posted the following image on the

Instagram Webpage, stating, in relevant part, "Our #NyC #NewYorkCannabis #Snapback is now

available at 40 Clinton Street #LeSNyC www.lesclothing.com #FreeShipping":



33.    In early December 2020, one of the City's licensees contacted the City's licensing agent, NYC & Company, regarding Defendant's NYC New York Cannabis™ branded merchandise.

34.    In early December 2020, an attorney in the New York City Law Department contacted Defendant Lopez by telephone and made a demand that he cease and desist from using the NYC New York Cannabis™ mark in connection with the sale of clothing or other goods or services, which demand was rejected by Defendant Lopez.

35.    On December 3, 2020, Defendant Lopez posted the following image on Facebook and the Instagram Webpage, stating, in relevant part, "funny story is I haven't even been building this brand for a full 30 days and we already above the radar - - got contacted yesterday by New York City's Law Department Senior Counsel of the Affirmative Litigation Department Gerald Singleton, Esq." regarding my use of the City of New York's "NYC" logo...in short form I told him to eat a dick with salt...pepper...and ketchup...quickly let him know that I come from a 20 plus year background in Intellectual Property and that I managed the #Trademark and #Copyright department of a NYC IP Firm for 13 years in which I resigned from in 2013...to(sic) long to elaborate on in a single post but I am very familiar with the "fair use" laws as well as the laws and rules regarding "parody" uses of certain designs and/or logos that are permissible...NYC as used by the city is a geographically descriptive mark that clearly does not refer to NEW YORK CANNABIS™...there is no other NYC business owner that is in a better position to challenge the city on this issue and I been building and enforcing my own LOWER EAST SIDE™ trademark for over a decade and at this point have filed over 43 infringement actions in federal court naming over 160 Defendants that for the most part have all been "Corporate Giants" - - I'm ready to engage in any level of #LegalWarfare with them and actually all they did was let me know I'm on to

something big and they intimidated by my abilities and capabilities #ThankYou in advance "CITY

OF NEW YORK" you interested in licensing this property from me for when "cannabis" products

and services become legal in New York? Holla at #TrademarkRob and let's talk some terms and

numbers... I'll take 2.5 mil 🥇🥇🥇 within the next 30 days if you act expeditiously...after that the

number going up #BigBusiness #RealLifeMonopoly I used it first in #Commerce in connection

with the offering and sale of goods and services #ChessMoves #CheckMate - - David vs Goliath"

(highlighting added):



36.     On May 19, 2021, Defendant Lopez registered a domain name for a website at

www.nyc-cannabis537.nyc, through which he is now operating an online store selling t-shirts and

snapback hats bearing Defendants' NYC New York Cannabis™ trademarks, including a t-shirt

with a mashup of logos on the back of the shirt that are substantially similar to the City's registered marks, as shown below:



37.     On June 7, 2021, Defendant Lopez filed a trademark and copyright infringement complaint in this Court, captioned <u>Robert G. Lopez v. Cookies SF, LLC, et al., 21 Civ. 5002 (RA)</u>, claiming infringement of his alleged NYC NEW YORK CANNABIS™ marks, which complaint contains copies of New York State trademark and service mark registrations that have been issued to Defendant Lopez.

**<u>Defendant's New York State Trademark and Service Mark Registrations</u>**

38.     Defendant Lopez was issued New York state trademark registration, R 33743, on December 15, 2020, with a claimed date of first use of November 14, 2020, in Class 25, for goods ("hoodies, sweaters, caps and t-shirts"), bearing the following mark:



39.     Defendant Lopez was issued New York State service mark registration, S 25230, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 35, for services ("advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments"), under the following mark:



40.     Defendant Lopez was issued New York State service mark registration, S 25231, on April 8, 2021, with a claimed date of first use of November 23, 2020, in Class 39, for services ("education and entertainment services, namely, providing a website featuring information in the nature of current news and events on cannabis, the cannabis industry and products containing cannabis products, services and legal developments"), under the following mark:



41.     True copies of the New York State trademark and service mark registrations issued to Defendant Lopez are collectively annexed hereto as **Exhibit B.**

**Defendant's Applications for Federal Trademark and Service Mark Registrations**

42.     On November 15, 2020, Defendant Lopez filed an application with the USPTO (Serial No. 90320532) to register the mark shown below as a service mark in International Class 35, with a claimed date of first use in commerce of November 14, 2020, for the following services: "Advertising services, namely, promoting the brands, goods and services of others; Business management and consultation; Retail store services featuring stickers, glass jars, packaging tubes, mylar bags, ash trays, roll trays, grinders, packaging stickers and vinyl stickers; On-line retail store services featuring stickers, glass jars, packaging tubes, mylar bags, ash trays, roll trays, grinders, packaging stickers and vinyl stickers."



43.     On May 24, 2021, Defendant Lopez filed an application with the USPTO (Serial No. 90731901) to register the mark shown below as a service mark in International Class 41, with a claimed date of first use in commerce of November 23, 2020, for the following services: "Educational services, namely, providing information, news and legal developments in the fields of cannabis products and cannabis cultivation; Providing a website featuring non-downloadable articles in the field of cannabis news, information and legal developments; Providing a website featuring non-downloadable photographs in the field of cannabis products; Providing an Internet website portal featuring entertainment news and information specifically in the field of cannabis products, services and cannabis legal developments; Entertainment services in the nature of production of videos and

photographs that document the promotion and operations of a New York based cannabis business."



44.    On May 26, 2021, Defendant Lopez filed an application with the USPTO (Serial No. 90736151) to register the mark shown below as a service mark in International Class 39, with a claimed date of first use in commerce of May 1, 2021, for the following services: "Delivery of Smoking accessories and devices, namely, rolling papers, rolling machines, rolling trays, grinders, smoking pipes, pocket machines for rolling cannabis, lighters, ashtrays, vape pens, smoking pipes and cannabis product menus.; Transport and delivery of goods."



45.    On May 31, 2021, Defendant Lopez filed an application with the USPTO (Serial No. 90745372) to register the mark shown below as a service mark in International Class 45, with a claimed date of first use in commerce of December 27, 2020, for the following services: Licensing of intellectual property in the field of trademarks and copyrights; "Licensing of intellectual property rights."



46.     True copies of the online electronic records maintained on the USPTO Trademark Electronic Search System (TESS) showing the current status of the foregoing applications are collectively annexed hereto as **Exhibit C.**

## COUNT I
## <u>TRADEMARK COUNTERFEITING</u>
### (15 U.S.C. § 1114)

47.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46 as though fully set forth herein.

48.     Sections 32(1)(a) and ((b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), provide, in relevant part, that any person who shall, without the consent of the registrant:

     (a)    use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale , offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

     (b)    reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, print, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

49.     Plaintiff is the owner of exclusive rights to the City Marks attached as Exhibit A, all of which are in full force and effect.

50.     In violation of 15 U.S.C. § 1114, Defendant Lopez has willfully used numerous designations in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services that are counterfeits, or colorable imitations of the Plaintiff's registered City Marks, which use is likely to cause confusion, or to cause mistake, or to deceive.

51.     Additionally, without the consent of the City, Defendant Lopez has applied colorable imitations of the registered City Marks onto labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon  or in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

52.     Defendant's NYC NEW YORK CANNABIS Marks are counterfeit  marks.

53.     Defendant's NYC NEW YORK CANNABIS Marks are spurious designations that are virtually identical to and substantially indistinguishable from Plaintiff's registered City Marks.

54.     The use in commerce by Defendant Lopez of virtually identical versions of the City's registered trademarks and service marks is likely to cause confusion, mistake, and deception among members of the public and the trade as to the source, origin, or sponsorship of Defendant's goods and services.

55.     Defendant Lopez, through both its so-called "flagship" retail shop at 40 Clinton Street, New York, New York 10002, and its online websites @ www.lesclothing.com and www.nyc-cannabis537.nyc, is now marketing, selling and distributing a variety of unlicensed merchandise bearing the infringing NYC NEW YORK CANNABIS Marks, including t-shirts, hoodies, snap-back hats, and vinyl stickers.

56.     Defendant Lopez uses social media, including a Facebook and Instagram, at www.facebook.com/LESClothingCo and www.instagram.com/nyc.cannabis.537/, to promote the sale of his infringing clothing, which upon information and belief is also available for sale in several retail locations in New York and other states.

57.     Upon information and belief, Defendant Lopez also licenses the NYC NEW YORK CANNABIS Marks to third party companies to be used on various goods and services under his direct control and authorization.

58.     Defendant's use of the NYC NEW YORK CANNABIS Marks constitutes trademark infringement under Section 32 (1) (a) and (b) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), and (b), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade, including "initial interest confusion" as to the source, origin, endorsement, sponsorship and approval of Defendant's advertising, marketing, promoting producing, offering for sale and selling goods and services bearing such marks.

59.     Defendant's acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiff in the City Marks, or otherwise injuring Plaintiff.

60.     Defendant has failed to comply with Plaintiff's demand to cease and desist from engaging in such infringing activity.

61.     The City is suffering, and will continue to suffer, irreparable injury unless Defendant is enjoined from continuing to use the NYC NEW YORK CANNABIS Marks. .

62.     The City has no adequate remedy at law.

63.     By reason of the foregoing, the City has been injured in an amount to be determined and is entitled to the remedies provided for in 15 U.S.C. §§ 1114 et seq., including injunctive relief.

64.     Defendant's willful acts and conscious blatant disregard for Plaintiff's rights, Plaintiff is entitled to treble damages or statutory damages under 15 U.S.C. § 1117.

65.     This is an exceptional case warranting an award of reasonable attorneys to the prevailing party.

**COUNT II**
## FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION
**(15 U.S.C. § 1125(a))**

66.     The City repeats and re-alleges the allegations of paragraphs 1 through 65 as though fully set forth herein.

67.     Sections 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a), provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – (1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .shall be liable in a civil action by any person who believes that he or she is likely to be damages by such act.   .

68.     As a direct result of Plaintiff's longstanding use, advertising, marketing, promotion and sale of souvenir merchandise bearing the City Marks, such marks have acquired distinctiveness and secondary meaning among an appreciable segment of the consuming public, who have come to identify and associate the City Marks with Plaintiff and its authorized licensees and distributors.

69.     Defendants' use of the NYC NEW YORK CANNABIS Marks in interstate commerce in connection with the marketing, distribution and sale of infringing merchandise that is not approved by the City for sale to the general public constitutes a false designation of origin and/or a false description or representation, including words or symbols tending falsely to describe or represent the same, actionable under Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendants have acted willfully and purposely with the intention of trading upon the valuable goodwill built up by Plaintiff in the City Marks by misleading the public into believing

that their products originate with the City, are licensed by the City, or are in some way sanctioned by or affiliated with the City or its agencies.

71.    Plaintiff has suffered, and will continue to suffer, irreparable injury by reason of Defendant's infringing conduct, and has no adequate remedy at law.

72.    By reason of the foregoing, the City has been injured in an amount not yet ascertained and is entitled to injunctive relief and damages.

**COUNT III**
**TRADEMARK DILUTION**
**(N.Y. GEN. BUS. LAW§ 360-l)**

73.    The City repeats and re-alleges the allegations of paragraphs 1 through 72 as though fully set forth herein.

74.    New York General Business Law Section 360-l provides that

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods and services.

75.    The City's Marks are inherently distinctive and, through many years of prominent and continuous use by the City, have come to represent, worldwide, the highest standards of quality.

76.    Souvenir goods bearing the City Marks are widely distributed through the United States and worldwide.

77.    Defendant's use of the NYC NEW YORK CANNABIS Marks is likely to dilute the distinctive quality of the City Marks within the meaning of New York. General Business Law Section 360-l.

78.    By reason of the foregoing, the City is entitled injunctive relief.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

79.     The City repeats and re-alleges the allegations of paragraphs 1 through 78 as though fully set forth herein.

80.     Defendant's unauthorized and infringing use of the NYC NEW YORK CANNABIS Marks constitutes misappropriation and infringement of the City Marks under the common law of unfair competition.

81.     By reason of the foregoing, the City has been injured in an amount not yet ascertained.

## COUNT V
## TRADEMARK CANCELLATION
## (N.Y. GEN.  BUS. LAW § 360-h)

82.     The City repeats and re-alleges the allegations of paragraphs 1 through 81 as though fully set forth herein.

83.     New York General Business Law Sections 360-h (c) (6) and (d) provide, in relevant part,  that the New York Secretary of State shall cancel from the state register any trademark registration concerning which a court of competent jurisdiction shall find that the registered  mark is so similar, as to be likely to cause confusion or mistake or to deceive, to a mark registered by another person in the United States Patent and Trademark Office prior to the date of the filing of the application for registration by the registrant, or when a court of competent jurisdiction shall order cancellation of the registration on any ground.

84.     The registered marks issued to Defendant, as described paragraphs 38 to 40 and collectively marked as **Exhibit C** hereto, are so similar to Plaintiff's registered City Marks as to be likely to cause confusion or mistake or to deceive.

85.     The City Marks, collectively marked as **Exhibit A** hereto, were registered with the Unites States Patent and Trademark Office by the City prior to the date of the filing of the application for the state trademark and service mark registrations for the NYC NEW YORK CANNABIS Marks by Defendant.

86.     By reason of the foregoing, the City is entitled to an order directing the cancellation of the state trademark and service mark registrations for the NYC NEW YORK CANNABIS Marks pursuant to New York General Business Law Section 360-h.

**WHEREFORE,** the City prays that this Court:

A.     Declare that Defendant, by the acts complained of herein, has infringed the Plaintiff's registered City Marks and has competed unfairly with the City and its licensees, and that the acts complained of herein will damage and diminish the distinctiveness of the City Marks unless enjoined by this Court;

B.     Order that Defendant, and all other persons acting in concert or participation with them, be permanently enjoined from further acts of trademark infringement, dilution, or unfair competition, and particularly from, in any manner, directly or indirectly:

        (a)     using or otherwise infringing the City Marks;

        (b)     using any mark or indicia that incorporates any of the City Marks;

        (c)     manufacturing, distributing, circulating, selling, marketing, moving or otherwise disposing of merchandise bearing any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of the City Marks, or marketing, advertising or displaying their goods in any way that tends to deceive, mislead or confuse the public into believing that Defendant's goods and services are in any way sanctioned by or affiliated with the City or its agencies;

(d)     using any false designation of origin or false description (including, without limitation, any letters or symbols) which can, or is likely to, lead the trade or public to believe that Defendant's goods or services are in any manner associated or connected with the City, or sold, licensed, sponsored, approved or authorized by the City;

(e)     otherwise competing unfairly with the City, its agencies, or its authorized licensees;

(f)     diluting the distinctive quality of the City Marks; and assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

C.     Order that Defendant be required to deliver up for destruction all goods, packaging, labels, wrappers, signs, literature, advertising and other material bearing the NYC NEW YORK CANNABIS Marks or any other confusingly similar variations of the City Marks, as well as all manufacturing plates, screens, molds, matrices, or other equipment used to reproduce patches bearing the NYC NEW YORK CANNABIS Marks.

D.     Order that Defendant be required to account for and pay over to the City all gains, profits and advantages realized from the sale of counterfeit and infringing merchandise;

E.     Order that Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

F.     Enter judgment against Defendant for damages, in an amount to be determined, that Plaintiff has sustained as a consequence of Defendant's acts of trademark infringement, unfair competition, deceptive and unfair practices and trademark dilution, including trebled damages

pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and, if the City so elects, statutory damages for its willful infringement of Plaintiff's registered City Marks under 15 U.S.C. § 1117; plus Plaintiff's costs, expenses and reasonable attorney fees in connection with this action as provided in 15 U.S.C. § 1117;

G.     Find and declare that Defendant's New York State trademark and service mark registrations for the NYC NEW YORK CANNABIS Marks, which are collectively marked and attached as **Exhibit C,** are so similar to the City's prior registered City Marks as to be likely to cause confusion, or mistake, or to deceive, and should therefore be cancelled pursuant to New York General Business Law Section 360-h.

H.     Grant such other, further and different relief as this Court deems just and proper.

### JURY DEMAND

The City demands a jury trial of all issues triable by a jury.

Dated:      New York, New York
            September 21, 2021

                                    GEORGIA M. PESTANA
                                    Corporation Counsel of the
                                       City of New York
                                    *Attorney for Plaintiff*
                                    100 Church Street, Room 20-093
                                    New York, New York 10007
                                    Office:(212) 356-2036
                                    Fax; (212) 356-2038
                                    Cell: (917) 734-7906

                                    By: *Gerald E. Singleton*
                                        Gerald E. Singleton
                                        Assistant Corporation Counsel