IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CITY OF NEW YORK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 21 CV 7862 (JPO) |
| ) | |
| ) | |
| **ROBERT G. LOPEZ, an individual,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERT G. LOPEZ's MOTION TO DISMISS THE CITY OF NEW YORK'S COMPLAINT

Defendant, Robert G. Lopez, a Pro Se individual submits this memorandum of law in support of his Motion to Dismiss Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. PRELMINARY STATEMENT

The City of New York has erroneously filed this action against Defendant falsely alleging trademark counterfeiting and unfair competition in an attempt at circumventing the "ownership" and "use" rights that Defendant has acquired and established in commerce in his independently created and distinguishable marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** in connection with the sale and offering of clothing and cannabis industry related goods and services.

The City of New York's allegations of trademark counterfeiting and unfair competition are meritless. The City of New York's allegations stem entirely from its ownership of the

1

geographically descriptive mark **NYC®** that is used by the City of New York as an acronym that refers to **NEW YORK CITY**.

Since at least as early as 1997, Defendant Robert G. Lopez has been operating a clothing business in which he sells t-shirts, sweaters, hooded sweatshirts and other clothing and related accessory items.

Since at least as early as October of 2020, Defendant introduced a new brand of clothing at his retail apparel store under the brand names **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**, and began selling and offering for sale sweaters, hooded sweatshirts and various other clothing items under the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

Since at least as early as November of 2020, Plaintiff has used the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** on cannabis packaging bags and Defendant has also used the **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks via his Instagram social media account to provide information and news regarding cannabis related products and services and legal developments pertaining to the cannabis industry.

Plaintiff is the registered owner of New York State Trademark Registration No. R33743 for the mark **NYC NEW YORK CANNABIS™** for "**Hoodies, sweaters, caps and t-shirts.**"

Plaintiff is the registered owner of New York State Trademark Registration No. S25230 for the mark **NYC NEW YORK CANNABIS™** for "**Advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments.**"

2

Plaintiff is the registered owner of New York State Trademark Registration No. S25231 for the mark **NYC NEW YORK CANNABIS™** for "**Educational and entertainment services, namely, providing a website featuring information in the nature of current news and events about cannabis, the cannabis industry and products containing cannabis.**"

## II. STATEMENT OF FACTS

The City of New York does not have any protectable interest in the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™**.

The City of New York does **NOT** own any State or Federal trademark for the mark **NYC NEW YORK CANNABIS™**.

The City of New York does **NOT** own any State or Federal trademark for the mark **NEW YORK CANNABIS™** standing alone.

The City of New York does **NOT** have any claim of "ownership" or "use" rights in the marks **NYC NEW YORK CANNABIS™** or **NEW YORK CANNABIS™** in any shape or form.

The City of New York has never "used" the marks **NEW YORK CANNABIS™** or **NYC NEW YORK CANNABIS™** on any products or services it has offered to consumers in commerce.

The City of New York does **NOT** use its own geographically descriptive **NYC®** stand-alone mark in connection with any cannabis related goods or services.

The City of New York uses its **NYC®** mark as a term, designation and/or acronym that represents and refers to "New York City" **NOT** "**NEW YORK CANNABIS™**".

3

Any purported rights owned by the City of New York in its **NYC®** stand-alone mark are weak and the **NYC™** mark used to refer to New York City is in widespread use by 1000's of retailers of clothing and related accessory items which constitutes an abandonment of The City of New York's alleged rights in its **NYC®** ("NEW YORK CITY") mark.

The City of New York has not alleged that Defendant's use of his **NYC NEW YORK CANNABIS™** and/or **NEW YORK CANNABIS™** marks has caused any instances of "actual confusion" with the City Of New York's use of its **NYC®** mark that is an acronym for **NEW YORK CITY**.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### IV. ARGUMENT

The Court should dismiss Plaintiff's claims against Defendant for trademark counterfeiting, false designation of origin and unfair competition under the Lanham Act since the factual allegations in the complaint do not plausibly state a claim against Defendant for either trademark counterfeiting, false designation of origin or unfair competition under the Lanham Act. Defendant Robert G. Lopez's use of the marks **NEW YORK CANNABIS™** and **NYC**

4

NEW YORK CANNABIS™ is and has always been permissible as Defendant is the creator and registered trademark owner of the NEW YORK CANNABIS™ and NYC NEW YORK CANNABIS™ marks. Plaintiff's conclusory allegations that Defendant is using spurious marks that are virtually identical and substantially indistinguishable from several of the City of New York's most recognizable and iconic trademarks merely recites the elements of a cause of action and do not pass muster under *Twombly*.

### Plaintiff Fails To Plausibly State a Claim Against Defendant For Trademark Counterfeiting

Pursuant to 18 USC §2320(f)(1), the term "counterfeit mark" means:

(a) a spurious mark

(i) that is used in connection with trafficking in any goods, services, labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature;

(ii) that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered;

(iii) that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label, patch, sticker, wrapper, badge, emblem, medallion, charm, box, container, can, case, hangtag, documentation, or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and

(iv) the use of which is likely to cause confusion, to cause mistake, or to deceive;

5

Plaintiff's claims and allegations that Defendant is using "spurious marks that are identical and substantially indistinguishable from several of the City's most recognizable and iconic trademarks" and that Defendants **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are counterfeit marks of the City of New York's registered **NYC®** mark are patently false and are **NOT** plausible for the following reasons:

The legal elements of what constitute a "counterfeit mark" pursuant to 18 USC §2320(f)(1) are not even met in the present case.

First and foremost, Defendants **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are **NOT** "spurious" marks as they are not fake, false or purport to be anything other than what they actually are and represent, which is the brand **NEW YORK CANNABIS** and **NYC NEW YORK CANNABIS™** used in connection with the advertising and offering of clothing, cannabis related goods and services and the offering of information and news on cannabis industry products and services and news on legal developments regarding the cannabis industry.

Defendants **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are **NOT** identical to the City of New York's registered **NYC®** mark and in fact, Defendants **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are substantially distinguishable from the City of New York's stand-alone three letter **NYC®** mark as Defendants marks include the words **NEW YORK CANNABIS™** and the depiction of a marijuana leaf image.

The City of New York's **NYC®** mark registered with the United States Patent and Trademark Office does **NOT** include the words **NEW YORK CANNABIS™** and does **NOT** include the depiction of a marijuana leaf. Accordingly, Defendants **NEW YORK**

CANNABIS™ and NYC NEW YORK CANNABIS™ marks are "substantially distinguishable" from the City of New York's NYC® mark that is registered with the United States Patent and Trademark Office.

Defendant does **NOT** use his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks in connection with for which the City of New York's NYC® mark is registered with the United States Patent and Trademark Office. The City of New York's NYC® trademark registered with the United States Patent and Trademark Office does not cover cannabis related products or services and information and news on the cannabis industry or providing news and information on legal developments pertaining to the cannabis industry.

Defendant's use of his independently created and registered **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks is **NOT** likely to cause confusion with the City of New York's registered 3 letter stand-alone mark NYC® which is an acronym for the mark **NEW YORK CITY**.

For the reasons stated above, the City of New York has not met the legal standard in plausibly alleging that Defendant's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are counterfeit marks of the City of New York's registered NYC® mark.

Defendant's use of his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are in good faith.

The City of New York has not met is legal burden in plausibly alleging that Defendant's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are counterfeit marks, or a colorable imitation of the City of New York's registered NYC® mark since **NONE** the City of New York's registered marks referenced in the complaint include the words NEW

7

YORK CANNABIS™ in any way shape or form and none of the City of New York's registered trademarks include the depiction of a marijuana leaf image as does Defendant's marks.

The City of New York has **NOT** plausibly plead a trademark counterfeiting claim against Defendant in violation of 15 U.S.C. §1114.

Since the City of New York's registered NYC® mark does **NOT** include the words **NEW YORK CANNABIS™** or the depiction of a marijuana leaf (distinguishable elements that comprise Defendant's independently created marks), it is NOT plausible for the Court to believe that Defendant's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are a false designation of origin or that Defendant's use of the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** for totally unrelated goods/services in which the City of New York offers as unfair competition in violation of 15 U.S.C. §1125(a).

Plaintiff's claims of trademark dilution and trademark cancellation also fall short of the legal standards in establishing the same and do not plausibly allege facts that establish any violation of N.Y. Gen. Bus. Law §360-1 or 360(h).

Defendant's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks are **NOT** identical to the City of New York's mark in appearance, sound, connotation or commercial impression.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court grant Defendants Motion to Dismiss and for such other further relief that this Court deems appropriate.

Dated: December 6, 2021
      New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

_____
Robert G. Lopez
Pro Se Defendant
230 Clinton Street – Apt. 11C
New York, New York 10002
(917) 868-1698