UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CITY OF NEW YORK,

                                        Plaintiff,                    21 CV 7862 (JPO)

                        v.-                                           **ORDER AND
                                                                  PRELIMINARY INJUNCTION**
ROBERT G. LOPEZ,

                                        Defendant.

------------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

        This action was commenced by Plaintiff City of New York ("Plaintiff" or "the City") on

September 21, 2021, with the filing of a Summons and Complaint [Dkt. 1].  The Summons and

Complaint were personally served on Defendant Robert G. Lopez ("Defendant" or "Lopez") on

September 23, 2021, as attested to in an affidavit of service filed with the Court [Dkt. 10].

        Plaintiff filed a motion for a preliminary injunction and supporting papers with the Court

on October 4, 2021 [Dkt. 11-13], copies of which were served on Defendant by mail on October

5, 2021 [Dkt. 14].

        Defendant, appearing *pro se,* sent a letter to the Court, dated October 12, 2021, requesting

an extension of time to file a responsive pleading [Dkt. 17].  By Order signed and entered on

November 3, 2021, the Court granted Defendant's request for an extension of time to file a

responsive pleading and directed Defendant to answer, move or otherwise respond to the

Complaint, and also file opposition to Plaintiff's motion for a preliminary injunction, on or before

November 21, 2021 [Dkt. 20].

1

On December 7, 2021, Defendant filed a motion to dismiss the City's Complaint pursuant to Fed. R. Civ. P Rule 12 (b) (6), but he did not file any opposition to the City's motion for a preliminary injunction [Dkt. 32-35].

On December 14, 2021, the Court held a telephonic hearing on the City's motion for a preliminary injunction, heard oral argument from both the City and Defendant, and issued an order which stated that the Court intended to grant the City's motion for a preliminary injunction and directed the City to file a proposed order on or before December 17, 2021 [Dkt. 38].

Having reviewed the Complaint and other pleadings in the record, the Declarations of Gerald E. Singleton, Esq. (and the exhibits submitted therewith) in support of the City's Motion for a Preliminary Injunction, and having considered the arguments of the parties, the Court hereby finds and concludes as follows:

1.      This Court has subject matter jurisdiction over the City's claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

2.      This Court has personal jurisdiction over Defendant because he was personally served with the Summons and Complaint, he operates a retail store and maintains interactive websites accessible to users in this district, and he has appeared in this action.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is domiciled and resides in this district, and a substantial part of the events giving rise to the claims occurred in this district.

4.      The Complaint pleads sufficient facts and states claims against Defendant for (i) trademark infringement, false designation of origin, and unfair competition  in violation of Section s 32 and 43(a) the Lanham Act, 15 U.S.C. §§ 1114 and 1125 (a) (C (Count I and II); (ii) trademark dilution in violation of New York law, N.Y. Gen. Bus. Law .§ 360-l (Count III); and

(iii) trademark infringement and unfair competition in violation of New York common law (Count IV).

5.      Plaintiff has offered evidence that it is the owner of several valid and enforceable federally registered trademarks (the "City Trademarks"), including the following registrations:

| U.S. Registration Number | Trademark | Registration Date | International Classes |
|---|---|---|---|
| 3,668,124 |  | Aug. 18, 2009 | 35 and 41 |
| 3,858,973 |  | Oct. 12, 2010 | 25 |
| 3,921,788 |  | Feb. 22, 2011 | 28 |
| 4,661,895 |  | Dec. 30, 2014 | 35 |
| 3,122,929 |  | Aug. 1, 2006 | 16, 21, 25 and 41 |

| 3,386,271 |  | Feb. 19, 2008 | 28 |
|---|---|---|---|
| 3,780,909 |  | Apr. 27, 2010 | 25 and 41 |
| 3,221,347 |  | Mar. 27, 2007 | 19 |
| 3,221,348 |  | Mar. 27, 2007 | 19 |
| 3,065,742 |  | Mar. 7, 2006 | 25 and 28 |
| 3,345,202 |  | Nov. 27, 2007 | 6 and 21 |

| 5,410,509 |  | Feb. 27, 2018 | 21 |
| 5,421,544 |  | Mar. 13, 2018 | 28 |
| 5,421,546 |  | Mar. 13, 2018 | 25 |
| 5,461,872 |  | May 8, 2018 | 14 |
| 3,350,450 |  | Dec. 4, 2007 | 21  and 25 |

6.     The Court finds that the City has established each of the factors required for a preliminary injunction, namely, (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration in original) (quoting *Salinger v. Colting,*

5

607 F.3d 68, 79-80 (2d Cir. 2010)); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539-40 (S.D.N.Y. 2011); *Rex Medical L.P. v. Angiotech Pharmaceuticals (US), Inc.,* 754 F. Supp. 2d 616, 620 (S.D.N.Y. 2010)

7.     Courts in this Circuit analyze trademark infringement claims under a two-step test that asks "first whether the mark 'merits protection' and, second, whether the allegedly infringing use of the mark (or a similar mark) is 'likely to cause consumer confusion.'" *Victorinox AG v. B & F Sys., Inc.*, 709 F. App'x 44, 47 (2d Cir. 2017) (quoting *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 224 (2d Cir. 2012)); *see also Opal Fin. Grp., Inc. v. Opalesque, Ltd.*, 634 F. App'x 26, 27 (2d Cir. 2015).   In addition, a plaintiff must show that the defendant used its mark in commerce. See 15 U.S.C. §§ 1114(1)(a), 1125(a)(1).

8.     The City is likely to succeed on the merits of its claims because the City has shown that it owns the City Trademarks by proffering certificates of registration for the several marks which Defendant allegedly copied. (See Complaint, Ex. A.).   A certificate of registration from the USPTO is considered prima facie evidence of a trademark's validity.   *Lane Cap. Mgmt., Inc. v. Lane Capital Mgmt., Inc*., 192 F.3d 337, 345 (2d Cir. 1999).   Accordingly, the City has met its burden to show that it owns valid marks entitled to protection.

9.     Defendant's NYC NEW YORK CANNABIS marks are depicted on pages 2 – 3 of the complaint in this case.   [Dkt. 1.]   The City has demonstrated that Defendant is using its NYC NEW YORK CANNABIS marks in interstate commerce.   Defendant is operating a retail store located at 40 Clinton Street, New York NY 10002, and online stores at www.lesclothing.com and www.nyc-cannabis537.nyc, and is using social media accounts, including Facebook (L.E.S. Clothing Co and @lesclothngco) and Instagram (nyc.cannabis.537 and nyc_cannabis_537), to

promote, offer and sell goods and services to consumers in the United States, in New York and this judicial district bearing marks that infringe upon the City Trademarks.

10.     To determine whether there is a likelihood of confusion, courts generally rely on the eight-factor test set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).   The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.   *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir. 2009).

11.     In this case, the *Polaroid* factors support a finding of likelihood of confusion.

12.     All of the City Trademarks copied by Defendant have been registered for more than five years in one class or another and they are strong marks; they are incontestable and are deemed to have acquired distinctiveness and secondary meaning.   Accordingly, this factor favors the City.

13.     The City alleges, and Defendant does not dispute, that Defendant's NYC NEW YORK CANNABIS marks copy the City Trademarks.   Defendant's NYC NEW YORK CANNABIS marks are virtually identical to, or are substantially indistinguishable from, the City's registered marks.   Accordingly, this factor favors the City.

14.     Both the City and Defendant are selling the same types of apparel bearing their respective marks.   The City's registrations for each of the City Trademarks cover apparel in Class 25, and Defendant has applied for federal registrations of the accused marks in Class 25. Moreover, both parties are offering and selling their goods online and in retail stores in the same

local market.  Souvenir apparel bearing the City's marks is available in dozens of souvenir shops throughout the City, and both City dwellers and tourists are familiar with the City' marks. Accordingly, this factor favors the City.

15.     "'Bridging the gap' refers to the likelihood that the senior user will enter the junior user's market in the future, or that consumers will perceive the senior user as likely to do so." *Star Indus., Inc.*, 412 F.3d at 387.  Here, the City asserts that although it does not sell cannabis-related products, it is likely to bridge the gap in one way or another because of the legalization of recreational marijuana.  Many City agencies, which use the chunky block letter NYC registered mark in their departmental logos, such as the Department of Finance, the Department of Health and Mental Hygiene, the Department of Consumer Affairs, to name a few, will likely become involved in regulating, enforcing, taxing, and providing information to consumers regarding recreational marijuana.  Accordingly, this factor either favors the City or is neutral.

16.     Actual confusion need not be shown to prevail on a trademark infringement claim, since actual confusion is very difficult to prove."  *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 45 (2d Cir. 2016) (citation omitted).    Accordingly, the City need only show a likelihood of confusion.  In this case, the City has received inquiries from concerning Defendant's NYC NEW YORK CANNABIS marks.  Furthermore, the City alleges, and Defendant does not dispute, that Defendant copied the City Trademarks, which gives rise to a presumption of a likelihood of confusion. *See Mobil Oil Corp. v. Pegasus Petroleum Corp.,* 818 F.2d 254, 258 (2d Cir. 1987) ("Intentional copying gives rise to a presumption of a likelihood of confusion."). Accordingly, this factor also favors the City.

17.     Courts consider "whether the defendant adopted its mark with the intention of capitalizing on the plaintiff's reputation and goodwill and on any confusion between his and the

senior user's product." *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 460 (2d Cir. 2004) (citation and internal alterations omitted). A presumption of bad faith may arise where a defendant intentionally copies a plaintiff's mark for its own purposes. *Heritage of Pride, Inc. v. Matinee NYC, Inc.*, No. 14-CV-4165, 2014 WL 12783866, at *11, 2014 U.S. Dist. LEXIS 86495, at *30 (S.D.N.Y. June 20, 2014) ("Where a second-comer acts in bad faith and intentionally copies a trademark . . . a presumption arises that the copier has succeeded in causing confusion").

18.     Bad faith in the adoption of the mark may be inferred in this case from Defendant's acknowledgement of copying the City's marks and failure to submit any opposition papers. Accordingly, this factor favors the City

19.     This factor requires the Court to consider whether the senior user's reputation could be tarnished by the inferior merchandise of the junior user. *Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489, 502 (S.D.N.Y. 2013). "A senior user may sue to protect [its] reputation even where the infringer's goods are of top quality." *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 354, 259-60 (2d Cir. 1987). Because Plaintiff is entitled to have consumers judge the quality of its products without being confused by Defendant" competing goods and services, this factor weighs in Plaintiff's favor. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175 (JSM), 2001 WL 170672, at *13, 2001 U.S. Dist. LEXIS 1625, at *38 (S.D.N.Y. Feb. 21, 2001).

20.     Where potential consumers lack a sophisticated knowledge of the overall market, "the likelihood is higher that similarity of trademarks may lead them to believe that a junior user's activities are affiliated with those of the senior user." *Guthrie Healthcare Sys.*, 826 F.3d at 43. Generally, "unsophisticated consumers aggravate the likelihood of confusion." *Hasbro Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 79 (2d Cir. 1988). Furthermore, when "there is a high degree of similarity between the parties' services and marks, the sophistication of the buyers cannot be relied

on to prevent confusion." *Morningside Group Ltd. v. Morningside Capital Group, LLC*, 182 F.3d 133, 143 (2d Cir. 1999) (internal quotation and citations omitted).

21.      In this case, the parties are both selling the same types of apparel — including t-shirts, hoodies, and caps — to consumers who are relatively unsophisticated and undiscerning, given the relative price point and the nature of the goods.  Accordingly, this factor favors the City.

22.      Based on the foregoing, the City has demonstrated a likelihood of success on the merits and a likelihood of consumer confusion.

23.      "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).  To satisfy the irreparable harm requirement, the City must demonstrate that absent a preliminary injunction it "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007).  "[T]he court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Salinger v. Colting*, 607 F.3d at 80 (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

24.      "Irreparable harm 'exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark pending trial,' because loss of control over one's reputation is neither 'calculable nor precisely compensable.'" *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2021 WL 827749, at *21, 2021 U.S. Dist. LEXIS 40953, at *69-70 (S.D.N.Y. Mar. 4, 2021) (quoting *New York City Triathlon, LLC v. NYC*

*Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 342 (S.D.N.Y. 2010) (noting that the prospective loss of goodwill alone is sufficient to support a finding of irreparable harm). *See also Algood Casters, Ltd. v. Caster Concepts, Inc.*, No. 20 Civ.4623 (LJL), 2020 WL 5274172, at *3, 2020 U.S. Dist. LEXIS 162532, at *10 (S.D.N.Y. Sept. 4, 2020) ("To be sure, loss of control and loss of reputation frequently are sufficient in trademark cases to support a grant of preliminary relief.").

25.     Section 226(a) of the Trademark Modernization Act of 2020 provides for a rebuttable presumption of irreparable harm "upon a finding of likelihood of success on the merits . . . in the case of a motion for a preliminary injunction or temporary restraining order." *See* H.R. 133-1027, Public Law 116-260, Dec. 27, 2020, 134 Stat 2208.   Section 226(b)(Rule of Construction) specifically provides that "amendment made by subsection (a) shall not be construed to mean that a plaintiff seeking an injunction was not entitled to a presumption of irreparable harm before the of enactment of this Act."   Having demonstrated a likelihood of success on the merits, the City is entitled to a rebuttable presumption of irreparable harm.

26.     Based on the foregoing, the Court finds that the City has demonstrated that it will suffer irreparable injury in the absence of a preliminary injunction.

27.     The Court must consider the public interest and, here, a preliminary injunction would serve the public interest.   There is a strong interest in preventing consumer confusion and protecting federally registered trademarks.   *Juicy Couture, Inc.*, 930 F. Supp. 2d at 504 (citing *Profitness*, 314 F.3d at 68).   "The public has an interest in not being deceived – in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *New York City Triathlon*, 704 F. Supp. 2d at 344.   Here, the Court finds that the public interest would not be disserved by the issuance of a preliminary injunction.

28.     Under Fed. R. Civ. P. Rule 65 (c), no preliminary injunction shall issue unless the applicant gives security "in such sum as the court deems proper."  The Court, however, is vested with broad discretion in the matter of security and it may dispense with the filing of a bond, particularly where there has been no proof of likelihood of harm.  *See Doctor's Assocs. v. Stuar*t, 85 F. 3d 975, 985 (2d Cir. 1996); *Clarkson Co. v. Shaheen*, 544 F.2d 624, 632 (2d Cir. 1976).  *IGT v. High 5 Games, LLC*, No. 17 Civ. 9792 (ALC), 2018 WL 2939032, at *3, 2018 U.S. Dist. LEXIS 177093, at *8-9 (S.D.N.Y. Apr. 17, 2018).

29.     The Court, in the exercise of its discretion, dispenses with the need for a bond.

**PRELIMINARY INJUNCTION**

For the foregoing reasons, it is hereby ORDERED, pursuant to 15 U.S.C. § 1116, that the Defendant, and his agents, servants, employees, and all other persons or entities in active concert or participation with him, are hereby restrained and enjoined, pending the final hearing and determination of this action, from:

a. Using the NYC NEW YORK CANNABIS trademarks and/or service marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by Plaintiff;

b. Using any false description or representation, including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods, services packaging or promotional materials as being Plaintiff's, or as being sponsored, endorsed, approved by, or affiliated or associated with, Plaintiff, and from offering such goods and services in commerce;

c.   Infringing the City Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products or their packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the City Trademarks;

d.  Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the City Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any goods or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiff;

e.   Making any statement or representation, or using any false designation of origin or false description, or performing any act, which is likely to lead the trade or public, or individual members thereof, to believe that any goods or services offered or sold by Defendant are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

f.  Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of goods or services that infringe or dilute the City Trademarks; and

g   Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this order or any order in this action;

h.   Creating, registering, using, linking, transferring, selling, exercising control over, or otherwise owning any domain name or social media account that incorporates, in whole or in part, any of the City Trademarks, or any confusingly similar variation thereof.

It is further ORDERED that a violation of any of the terms of this order may be considered and prosecuted as contempt of this Court.

The Clerk of Court is directed to close the motion at Docket No. 11.

The Clerk of Court is also directed to send a copy of this order to the *pro se* Defendant by mail and email.

SO ORDERED.

Dated:  December 21, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge