

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GERALD E. SINGLETON**
Tel: (212) 356-2036
gsinglet@law.nyc.gov

January 19, 2022

**VIA ECF**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

        Re:    *City of New York v. Robert G. Lopez*, 21 Civ. 07862 (JPO)
              <u>Reply re Motion for Default Judgment and Request for Oral Argument</u>

Dear Judge Oetken:

      I represent the Plaintiff City of New York (the "City") and submit this letter in response to the declaration submitted by *pro se* Defendant Robert G. Lopez (the "Lopez Declaration") in opposition to the City's Motion for a Default Judgment and Permanent Injunction, which was posted on ECF yesterday as ECF Doc. 52. I also have filed an accompanying supplemental declaration (ECF Doc. 53) to address certain demonstrably false statements in the Lopez Declaration. The City respectfully requests oral argument on the motion.[1]

      <u>**Defendant Lacks Any Credible Excuse for His Default.**</u> Like a child claiming the dog ate my homework, Defendant repeatedly makes the unbelievable claim that he never received a copy of the Court's November 3, 2021 Order, which directed him to file an Answer or otherwise respond to the City's Complaint, and also to file any opposition to the City's motion for a preliminary injunction, on or before November 21, 2021 (ECF Doc. 20). (See Lopez Declaration at ¶¶ 3, 7, 13, 14, 18, and 21). It is an incredible claim because the Order was issued in response to separate letter motions filed by both parties, and the Court itself mailed a copy of the Order to Defendant at his home address. See Docket entry dated November 3, 2021. Furthermore, I also emailed a copy of the November 3rd Order to Defendant with a Notice of Default on November 24, 2021, the day before Thanksgiving, and he has acknowledged that he received that email. See

---

[1] The City also requests that Defendant be ordered to email me copies of any papers he files at the same time that he sends them to the Pro Se Office for filing. Defendant sent an email to me on January 15, 2022, stating that he had filed further opposition papers, but he did not send a copy of the papers to me, either by mail or email, despite my repeated demands for same.

Honorable J. Paul Oetken
January 19, 2022

Tr. of Proceedings, Dec. 14, 2021 (ECF Doc.47), at 2:24 – 3:1 ("I became aware of the order when Mr. Singleton sent me an email communication, I believe, the day before or after Thanksgiving."). Defendant simply chose not to read the email and the Order. (Id. at 8:13-16 ("I acknowledged that I became aware of [the Order] after you sent me an email communication either the day before or after Thanksgiving. ***Despite you sending me that email, I did not open or download or read any of the attachments.***") (Emphasis added). That is not a reasonable excuse, even for a *pro se* litigant.

Defendant also now claims, for the first time, that he never even received a copy of the City's motion for a preliminary injunction. (Lopez Declaration, at ¶¶ 8, 13, 16, and 21). I personally mailed copies of the preliminary injunction motion papers to Defendant on October 5, 2021, as shown in the Affidavit of Service filed with the Court the same day. (ECF Doc. 14). Notably, Defendant failed to make this claim during the preliminary injunction hearing on December 14, 2021; rather, he argued that he was waiting to hear back from the Court as to whether he had to respond to the motion at all.[2] The claim is even more incredible because I filed a letter motion that was both mailed and emailed to Defendant On October 12, 2021 (ECF Docs. 15-16), which specifically requested a briefing schedule and an expedited hearing on the preliminary injunction motion. It is simply ludicrous for Defendant to now argue that he did not receive the motion papers or understand that he had to respond to the motion, when the existence of the motion was mentioned in numerous letters and emails that Defendant admittedly received. (See Supplemental Declaration, ECF Doc. 53, Exhibits "H" –"M"). Thus, Defendant does not have a credible or reasonable excuse for his default in failing to timely respond to the Complaint, much less his complete failure to address or oppose the motion for a preliminary injunction.

**Defendant Lacks Any Meritorious Defense.** Defendant claims that he is not using the City's marks as trademarks, but rather only as ornamental designs on apparel as part of some unexplained attempt at parody and fair use. Defendant does not deny that he copied the City's registered stylized marks, but instead he claims that no consumer would be confused because the City is not selling cannabis-related goods and services. Defendant simply does not recognize the difference between a weak word mark and a strong stylized mark; nor does he address acquired distinctiveness and secondary meaning inherent in the City's marks, which use a custom font and unique symbols. The USPTO Trademark Examining Attorney has found that Defendant's marks are identical to the City's marks and are being used for identical goods and services and have the same commercial impression (ECF Doc. 29).

Defendant's newly-minted argument concerning ornamental use suggests that he does understand and appreciate that a parody or fair use defense does not lie where the challenged marks are being used as trademarks. But despite his denial of use as trademarks, he is unquestionably doing so. Attached to my accompanying declaration are photographs showing stickers that Defendant posted on street light poles near his store as a form of guerilla marketing, as well as a copies of business cards that clearly demonstrates Defendant's use of the counterfeit marks as

---

[2] The Court specifically asked Defendant in the telephonic hearing why he did not file any opposition papers and his response was that he was waiting to hear back from the Court "to determine whether responding to the motion for a preliminary injunction was even necessary." See Tr. of Proceedings, Dec. 14, 2021 (ECF Doc. 47), at 4:21 – 5:4. Defendant, however, admitted at the hearing that he has his own ECF PACER account, but he stated that he only logs in occasionally to "try and check the docket." Id. at 3:15-17). No court has ever sanctioned such a cavalier attitude, even by a *pro se* litigant.

Honorable J. Paul Oetken
January 19, 2022

trademarks. (See Supplemental Declaration, ECF Doc. 53, Exhibits "N" – "P"). In fact, Defendant added a "TM" designation on the business cards, including on the City's iconic chunky block letter NYC trademark, clearly signaling his intention to use the marks as trademarks.

    Based on the foregoing, there is no basis to excuse Defendant's default, nor is there any reason to revisit the grant of a preliminary injunction in the event that the Court is nonetheless inclined to vacate the default because of Defendant's status as a *pro se* litigant.

    I verify under penalty of perjury that the factual statements contained herein are true and correct. Executed on January 19, 2022.

Respectfully submitted,

*Gerald E. Singleton*

Gerald E. Singleton

cc:    Defendant Lopez (by Regular U.S. Mail and by email)
       rob@trademarkrob.com
       lesclothing@gmail.com
       trademarkrob@gmail.com