UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CITY OF NEW YORK,

                     Plaintiff,

        -v-

ROBERT G. LOPEZ,

                     Defendant.

21-CV-7862 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    *Pro se* Defendant Robert G. Lopez operates a cannabis clothing store. In this trademark dispute, the City of New York sues Lopez under the Lanham Act for trademark counterfeiting, 15 U.S.C. § 1114, false designation of origin, *id.* § 1125(a), and unfair competition, *id.* The City also brings state-law claims for trademark infringement, trademark dilution, N.Y. Gen. Bus. Law § 360-1, and trademark cancellation, *id.* § 360-h. Lopez failed to file a timely answer, and the Clerk of Court certified his default. The City moves for default judgment, and Lopez moves to set aside the default. The default is set aside, and the City's motion is denied.

**I.    Background**

    **A.    Factual Background**

    The City of New York has registered various marks for, among other things, its departments and parks. (*See* Dkt. No. 1 ("Compl.") ¶¶ 2, 11.) For example, the City has a registered mark for the New York City Department of Sanitation. (*See* Compl. ¶ 2.) The mark covers a circular image with an outer circle of text and a green inner circle. (*See id.*) The text in the outer circle states NEW YORK CITY DEPARTMENT OF SANITATION. (*See id.*) The image in the inner circle contains a torch, wings, and a pair of intertwined snakes. (*See id.*)

1

The complaint alleges that Defendant Robert G. Lopez sells "a variety of goods and apparel bearing the infringing marks, including snapback hats, hoodies, t-shirts, decals, and



pouches for cannabis." (Compl. ¶ 3.)  For example, some have a circular image with an image for the NEW YORK CANNABIS DEPARTMENT OF CULTIVATION.  (*See* Compl. ¶ 2.)

The complaint alleges that "an appreciable number of consumers will mistakenly believe that Defendant's goods and services are sponsored, endorsed and/or affiliated with the City." (Compl. ¶ 4.)  It also alleges that "the use of such spurious marks will tarnish and dilute the acquired distinctiveness and value of the City's registered marks." (Compl. ¶ 4.)

The complaint alleges that in early December 2020, an attorney in the New York City Law Department contacted Defendant by telephone and made a demand that he cease and desist. (*See* Compl. ¶ 34.)  The complaint alleges that Defendant has not done so.

**B.     Procedural History**

The City filed this action on September 21, 2021.  (*See* Compl. at 29.)  The complaint asserts claims under the Lanham Act for trademark counterfeiting, 15 U.S.C. § 1114, false designation of origin, *id.* § 1125(a), and unfair competition, *id.* (*See* Compl. ¶¶ 47-72.)  It also asserts state-law claims for trademark infringement, trademark dilution, N.Y. Gen. Bus. Law § 360-1, and trademark cancellation, *id.* § 360-h.  (*See* Compl. ¶¶ 73-86.)

Lopez was personally served with the summons and complaint on September 23, 2021. (*See* Dkt. No. 10 at 1-2.)  Upon request, Lopez was granted an extension of time to file a

responsive pleading until November 21, 2021.  (*See* Dkt. No. 17 at 1-3; Dkt. No. 20.)  Lopez missed this deadline, and on November 29, 2021, the City obtained a certificate of default.  (*See* Dkt No. 22; Dkt. No. 24.)

On December 7, 2021, the City moved for default judgment.  (*See* Dkt. No. 26.)  On the same date, Lopez filed a motion to dismiss the complaint for failure to state a claim.  (*See* Dkt. No. 33.)  On December 14, 2021, the Court issued an order stating that it would treat Lopez's motion as one to set aside the default.  (*See* Dkt. No. 38.)

On December 21, 2021, the Court issued a preliminary injunction.  (*See* Dkt. No. 44.)  The order issuing the preliminary injunction states that the complaint states a claim against Defendant under the Lanham Act for trademark counterfeiting, false designation of origin, and unfair competition; and under New York law for trademark infringement, trademark dilution, and unfair competition.  (*See* Dkt. No. 44 at 4.)  The order also states that the City has a likelihood of success on the merits of its claims.  (*See* Dkt. No. 44 at 5.)  The Court exercised its discretion not to issue a bond.  (*See* Dkt. No. 44 at 12.)

Defendant appealed the preliminary injunction.  (*See* Dkt. No. 61.)  On January 26, 2022, the City requested that Defendant be required to post a bond in the sum of $100,000 as security for costs and attorneys' fees that may be awarded to the City.  (*See* Dkt. No. 64 at 2.)  Defendant's appeal was dismissed on May 31, 2022.  (*See* Dkt. No. 73.)  On June 3, 2022, the City moved for a conference to discuss further infringements by Defendant.  (*See* Dkt. No. 74.)

II.  **Legal Standard**

Federal Rule of Civil Procedure 55(c) authorizes a district court to "set aside an entry of default for good cause."  To determine whether a motion is supported by good cause, courts consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted."  *Pecarsky v.*

3

*Galixiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). There is "[a] clear preference . . . for cases to be adjudicated on the merits. *Id.* at 174. Accordingly, "all doubts must be resolved in favor of the party seeking relief . . . in order to ensure that to the extent possible, disputes are resolved on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Federal Rule of Civil Procedure 55(b) permits a party to "apply for a default judgment." Before entering default judgment, a district court is "required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alterations omitted). The "legal sufficiency of these claims is analyzed under the familiar plausibility standard." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 482-83 (S.D.N.Y. 2021). In conducting that assessment, well-pleaded allegations are taken as true, as the default "is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

**III.    Discussion**

**A.    Motion to Set Aside Default and Motion for Default Judgment**

The relevant factors favor setting aside Defendant's default. First, Defendant's default was not willful. "The Second Circuit has interpreted willfulness, in the context of a default, to refer to conduct that is more than merely negligent or careless." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (internal quotation marks omitted). On balance, the default here was merely careless. Defendant states that after he requested an extension of time to file a responsive pleading, he did not receive the Court's order granting the extension. (*See* Dkt. No. 32.) Given Defendant's *pro se* status, and given the fact that he filed a dispositive motion soon after, the Court concludes that the default was not willful. In any event, even if Defendant's conduct were willful, the Court would

find, for the reasons below, that the default should be vacated "when balanced against the remaining factors." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, No. 21-CV-6963, 2022 WL 1046767, at *6 (S.D.N.Y. Apr. 6, 2022), *report and recommendation adopted*, No. 21-CV-6963, 2022 WL 1266741 (S.D.N.Y. Apr. 28, 2022); *see Gunnells v. Teutel*, 469 F. Supp. 3d 100, 104 (S.D.N.Y. 2020).

Second, it cannot be said that Defendant has no meritorious defense to the claims in this case. A defense is meritorious if it is "good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Although Defendant's position is not likely to succeed on the merits (*see* Dkt. No. 44 at 5), it is not plainly meritless as to every claim. For example, Defendant argues that his products are not "counterfeit" because they are not "identical" or "substantially indistinguishable," as they include images of a marijuana leaf, which is enough to avoid confusion. (*See* Dkt. No. 34 at 5-7.) The City concedes that whether Defendant's marks are "counterfeit" may "be a close call in this case." (Dkt. No. 40 at 1.)

Third, there is no prejudice to the City. "The final factor a court must consider . . . is whether and to what extent, vacating the [default] will prejudice the non-defaulting party." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005). "[D]elay alone is not a sufficient basis for establishing prejudice." *Id.* "Something more is needed." *Id.* The City has only identified delay as a basis for maintaining the default. It argues that the delay will result in the further deterioration of its marks, but the preliminary injunction in place restrains the Defendant from using the relevant trademarks in connection with any goods and services. (*See* Dkt. No. 44 at 12.) Indeed, the lack of prejudice is apparent "in light of the short period of time between the entry of default and [Lopez's] motion to vacate." *Millennial Plastic Surgery PLLC v. James*,

No. 21-CV-9590, 2022 WL 769292, at *4 (S.D.N.Y. Feb. 10, 2022).  On balance, given the clear preference of the law in this area for resolving disputes on the merits, vacating Defendant's default is appropriate here.  Because Defendant's default has been vacated, the City's motion for a default judgment is denied.

### B. Motion for Conference and Request to Set Bond

The City requests that, if the Court vacates Defendant's default, the Court require Defendant to post a $100,000 bond as security for costs and attorney's fees.  (*See* Dkt. No. 64.)  The City further requests a conference to discuss alleged infringements of the preliminary injunction.  (*See* Dkt. No. 74.)  The request for a conference is granted, and the request for a bond is denied without prejudice, but with leave to renew at the conference.

## IV. Conclusion

For the foregoing reasons, the City's motion for default judgment is DENIED, and Lopez's motion to set aside the default is GRANTED.  The City's motion for a conference is GRANTED, and the City's request for a bond is DENIED without prejudice for renewal at the conference.  An order scheduling the conference will issue separately.

Defendant shall file an answer to the complaint within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motions at Docket Numbers 26, 33, 55, 64, and 74.

The Clerk of Court is also directed (1) to indicate on ECF that this case is a "PRO SE" case, and (2) to mail a copy of this order to the pro se Defendant.

SO ORDERED.

Dated: September 22, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge