## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CITY OF NEW YORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 21 CV 7862 (JPO)** |
| | ) | |
| | ) | |
| **ROBERT G. LOPEZ, an individual,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **ROBERT G. LOPEZ, an individual,** | ) | |
| | ) | |
| **Counterclaimant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF NEW YORK,** | ) | |
| | ) | |
| **Counterclaim Defendant.** | ) | |

## DEFENDANT/COUNTERCLAIMANT ROBERT G. LOPEZ's ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Robert G. Lopez, a Pro Se individual, as and for his Answer to the Complaint of the CITY OF NEW YORK, admits, denies and asserts counterclaims as follows:

1. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 1 of the Complaint and further asserts that he has **NOT** willfully infringed any trademark or service mark owned by the City.

2. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 2 of the Complaint.

1

3.  Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 1 of the Complaint and further asserts that he never received any cease-and-desist demand from the City and further asserts that none of his **NYC NEW YORK CANNABIS**™ mark infringe any trademark or service mark owned by the City as the City does not own any mark that incorporates the words or terms **NEW YORK CANNABIS**™ and the City does not own any trademark that incorporates an image of a marijuana leaf.

4.  Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 4 of the Complaint and further asserts that The City has **NOT** had any instances of actual confusion and there have been no consumers of either Defendant or the City's products that have caused any consumer to believe that the respective products of each party does not come from one and the same source.

5.  Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 5 of the Complaint.

6.  Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint.

30. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint.

33. Defendant Robert G. Lopez admits the allegations contained in Paragraph 33 of the Complaint and further asserts that the Licensee that contacted the City's licensing agent NYC & Company regarding Defendant's **NYC NEW YORK CANNABIS™** branded merchandise was Only NY Store LLC, a business entity with its retail flagship store approximately 200 feet from Defendant Robert G. Lopez's store located at 40 Clinton Street. Defendant Robert. G. Lopez further asserts that the City's Licensee Only NY Store, LLC contacted the City's licensing agent NYC & Company in retaliation for Defendant Robert G. Lopez commencing a trademark infringement action against such licensee Only NY Store, LLC in 2017 in the case *Robert G. Lopez v. Only NY Store, LLC* **17 CV 4257**. Defendant further asserts that the City, its licensing agent NYC & Company, Inc. and its licensee Only NY Store, LLC have collectively conspired with one another to bring fraudulent claims of trademark counterfeiting to circumvent the rights. Defendant was building and creating in his independently created brand **NYC NEW YORK CANNABIS™** and to tortiously interfere with his business operations and business relationships in connection with his utilization of his own brand **NYC NEW YORK CANNABIS™**.

34. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant Robert G. Lopez admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant Robert G. Lopez admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant Robert G. Lopez admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant Robert G. Lopez admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant Robert G. Lopez admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant Robert G. Lopez admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant Robert G. Lopez admits the allegations contained in Paragraph 44 of the Complaint.

45. Defendant Robert G. Lopez admits the allegations contained in Paragraph 38 of the Complaint.

46. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 48 of the Complaint.

49. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 51 of the Complaint.

52. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 52 of the Complaint and further asserts that during the December 14, 2021, conference, the Court noted on record that this is **NOT** a case of trademark counterfeiting. Defendant further asserts that the City concedes that whether Defendant's marks are "counterfeit" may be a close call in this case." (Dkt. No. 40 at 1.). Defendant's products are **NOT** "counterfeit" because they are not "identical" or "substantially indistinguishable," as Defendant's products include images of a marijuana leaf and the words **NEW YORK CANNABIS™** which are enough to avoid confusion.

53. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 53 of the Complaint and further asserts that during the December 14, 2021, conference, the Court noted on record that this is **NOT** a case of trademark counterfeiting. Defendant further asserts that the City concedes that whether Defendant's marks are "counterfeit" may be a close call in this case." (Dkt. No. 40 at 1.). Defendant's

products are **NOT** "counterfeit" because they are not "identical" or "substantially indistinguishable," as Defendant's products include images of a marijuana leaf and the words **NEW YORK CANNABIS™** which are enough to avoid confusion.

54. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 54 of the Complaint and further asserts that as of the date of filing its Complaint, the City has **NOT** experienced any instances of actual confusion regarding Defendant's use of his **NYC NEW YORK CANNABIS™** mark.

55. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 55 of the Complaint.

56. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 57 of the Complaint.

58. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 58 of the Complaint and further asserts that as of the date of filing its Complaint, the City has **NOT** experienced any instances of actual confusion regarding Defendant's use of his **NYC NEW YORK CANNABIS™** mark.

59. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 59 of the Complaint.

60. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 60 of the Complaint and further asserts that he was never provided with any formal cease-and-desist notice from or on behalf of the City.

61. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 61 of the Complaint and asserts that City has **NOT** suffered any injury in relation to Defendant using his **NYC NEW YORK CANNABIS™** brand.

62. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 62 of the Complaint.

63. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 64 of the Complaint and further asserts that he has not engaged in any willful acts in using his independently created mark NYC NEW YORK CANNABIS™.

65. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 65 of the Complaint.

66. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 66 of the Complaint.

67. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 67 of the Complaint.

68. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 68 of the Complaint.

69. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 69 of the Complaint.

70. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 70 of the Complaint and further asserts that no registered mark owned by the

City includes or incorporates an image of a marijuana leaf or the words or terms **NEW YORK CANNABIS™**.

71. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 71 of the Complaint.

72. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 73 of the Complaint.

74. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 74 of the Complaint.

75. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 75 of the Complaint.

76. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 76 of the Complaint.

77. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 77 of the Complaint.

78. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 78 of the Complaint.

79. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 79 of the Complaint.

80. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 80 of the Complaint.

81. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 81 of the Complaint.

82. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 82 of the Complaint.

83. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 83 of the Complaint.

84. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 84 of the Complaint and further asserts that his NYC NEW YORK CANNABIS mark is NOT similar to the City's registered marks since Defendants mark includes an image of a marijuana leaf and the words NEW YORK CANNABIS, substantially distinguishable elements that eliminate any likelihood on confusion between Defendant's and the City's marks.

85. Defendant Robert G. Lopez is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 85 of the Complaint.

86. Defendant Robert G. Lopez denies the truthfulness of the allegations contained in Paragraph 86 of the Complaint.

The PRAYER FOR RELIEF/WHEREFORE clause is denied in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez's use of his mark NYC NEW YORK CANNABIS™ as depicted in the images of Paragraphs 20, 28, 29, 30, 31 and 32 of the City's complaint in this action in association with t-shirts, hoodies and caps is subject to the fair use exception under the Lanham Act and state law.   All of the City's claims are barred because Defendant Robert G.

Lopez has never used the mark NYC™ or any other mark owned by the City as a designation of source. Defendants use of his **NYC NEW YORK CANNABIS**™ mark as depicted in the images included by the City in its complaint are part of ornamental designs used only on t-shirts, hoodies and caps. In fact, the t-shirts, hoodies and caps depicted in the images of the City's complaint were all branded under Defendants **LES Clothing Co.**™ brand as the source of the t-shirts, hoodies or caps. Thus, to the extent that the City's claims are based on Defendants use, if any, of the graphic **NYC NEW YORK CANNABIS**™ design on various clothing items, those claims must fail because Defendant's use of his ornamental graphic design is a fair use, which is legally authorized pursuant to 15 U.S.C. § 1115.

## SECOND AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez has **NOT** used all or some of the marks in question. Defendant has not used the NYC DIRECT mark depicted in mark the chart of the Compl. ¶ 2. on any products or services at all. Thus, to the extent that the City's claims are based on Defendants use of all of the marks depicted in the mark chart of the Compl. ¶ 2. Defendant has not used all of the marks in question thereby eliminating any claims of infringement, false designation of origin and/or unfair competition under the federal Lanham Act or any associated common law or statutory claims under New York State law.

## THIRD AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez use of some or all of the alleged marks in question in association with various clothing products is subject to the innocent use exception under the Lanham Act and state law.

## FOURTH AFFIRMATIVE DEFENSE

The marks in question owned by the City are geographic in nature and none of the City's marks have attained secondary meaning in connection or association with any cannabis related goods or services.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez's use of his **NYC NEW YORK CANNABIS™** mark in association with cannabis related goods and services does not result in confusion with Plaintiff's alleged marks.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez's use, if any, of some of the alleged marks in question are protected by the First Amendment. All of the City's claims are barred because Defendant's use of the terms **NYC NEW YORK CANNABIS™** and an image of a "marijuana leaf" as an ornamental design on clothing products is expressive speech protected by the First Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez's use, if any, of the mark NYC NEW YORK CANNABIS or any of the other alleged marks in association with various products was in good faith and without intent to infringe on Plaintiff's alleged marks, or dilute Plaintiff's marks or to unfairly compete with Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The City of New York does not have any protectable interest in the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™**.

### NINTH AFFIRMATIVE DEFENSE

The City of New York does not have any protectable interest in any marks that includes or depict an image of a "marijuana leaf."

### TENTH AFFIRMATIVE DEFENSE

The City of New York does **NOT** own any State or Federal trademark for the mark **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™**.

### ELEVENTH AFFIRMATIVE DEFENSE

The City of New York does **NOT** own any State or Federal trademark for any mark that includes or depicts an image of a "marijuana leaf."

### TWELFTH AFFIRMATIVE DEFENSE

The City of New York does **NOT** have any claim of "ownership" or "use" rights in the marks **NYC NEW YORK CANNABIS™**, **NEW YORK CANNABIS™** or an image or design of a "**marijuana leaf**" in any shape or form.

### THIRTEENTH AFFIRMATIVE DEFENSE

The City of New York has never "used" the marks **NEW YORK CANNABIS™** or **NYC NEW YORK CANNABIS™** or any "**marijuana leaf**" design on any products or services it has offered to consumers in commerce.

### FOURTEENTH AFFIRMATIVE DEFENSE

The City of New York does **NOT** use its own geographically descriptive **NYC®** stand-alone mark in connection with any cannabis related goods or services.

### FIFTEENTH AFFIRMATIVE DEFENSE

The City of New York uses its **NYC®** mark as a term, designation and/or acronym that represents and refers to "**New York City**" **NOT** "**NEW YORK CANNABIS™**".

### SIXTEENTH AFFIRMATIVE DEFENSE

Any purported rights owned by the City of New York in its **NYC®** stand-alone mark are weak and the **NYC™** mark used to refer to New York City is in widespread use by 1000's of retailers of clothing and related accessory items which constitutes an abandonment of The City of its alleged rights in its **NYC®** ("NEW YORK CITY") marks.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The City of New York has not alleged that Defendant's use of his **NYC NEW YORK CANNABIS™** and/or **NEW YORK CANNABIS™** marks has caused any instances of "actual confusion" with the City Of New York's use of its **NYC®** marks that are an acronym for the geographical location **NEW YORK CITY**.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable and appropriate steps to mitigate any damages it can or has claimed to have incurred.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimus non curat lex*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been granted an injunction in this case ordering Defendant to discontinue his use and sales of any products bearing the marks in question and a reasonable bond should be collected from Plaintiff for Defendants inability to sell products bearing his own **NYC NEW YORK CANNABIS™** mark.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, Defendant was acting in a good faith belief that his actions were legally justifiable.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant Robert G. Lopez reserves the right, upon completion of his investigation and discovery, to file such additional amendments and defenses as may be appropriate.

### <u>COUNTERCLAIMS</u>

1. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's federal claim that they form part of the same controversy.

2.  The City of New York has erroneously filed this action against Defendant falsely alleging trademark counterfeiting and unfair competition in an attempt at circumventing the "ownership" and "use" rights that Defendant has acquired and established in commerce in his independently created and distinguishable marks **NEW YORK CANNABIS**™ and **NYC NEW YORK CANNABIS**™ in connection with the sale and offering of clothing and cannabis industry related goods and services.

3.  The City of New York's allegations of trademark counterfeiting, false designation of origin and unfair competition are meritless. The City of New York's allegations stem entirely from its ownership of the geographically descriptive mark **NYC®** that is used by the City of New York as an acronym that refers to **NEW YORK CITY**.

4.  Upon information and belief, in early December 2020, one of the City's licensees (**Only NY Store, LLC**) contacted the City's licensing agent, NYC & Company, regarding Defendant's **NYC NEW YORK CANNABIS**™ branded merchandise.  See Compl. ¶33.

5.  The City's licensee Only NY Store, LLC contacted the City's licensing agent NYC & Company as a form of retaliation for Defendant commencing a trademark infringement action against the City's licensing agent in the case titled *Robert G. Lopez v. Only NY Store, LLC* **17 CV 4257**. Attached as **Exhibit A** is a copy of the complaint Defendant Robert G. Lopez filed against the City's licensee Only NY Store LLC.  Defendant notes that the City's licensee Only NY Store, LLC owns, maintains, and operates a flagship retail clothing store located at 176 Stanton Street, NY, NY 10002, **(See Exhibit B)**, which flagship store is located directly around the corner

from Defendant Robert G. Lopez's LES Clothing Co. flagship store and both retail clothing establishments are approximately 250 feet in proximity from each other.

6. Since at least as early as 1997, Defendant Robert G. Lopez has been operating a clothing business in which he sells t-shirts, sweaters, hooded sweatshirts and other clothing and related accessory items.

7. Since at least as early as October of 2020, Defendant introduced a new brand of clothing at his retail apparel store under the brand names **NEW YORK CANNABIS**™ and **NYC NEW YORK CANNABIS**™, and began selling and offering for sale sweaters, hooded sweatshirts and various other clothing items under the marks **NEW YORK CANNABIS**™ and **NYC NEW YORK CANNABIS**™.

8. Since at least as early as November of 2020, Plaintiff has used the marks **NEW YORK CANNABIS**™ and **NYC NEW YORK CANNABIS**™ on cannabis packaging bags and Defendant has also used the **NEW YORK CANNABIS**™ and **NYC NEW YORK CANNABIS**™ marks via his Instagram social media account to provide information and news regarding cannabis related products and services and legal developments pertaining to the cannabis industry.

9. Upon information and belief, in or about December 2020, The City's licensee Only NY Store, LLC became aware of Defendant Robert G. Lopez's NYC NEW YORK CANNABIS brand and in a willful and malicious manner contacted the City's licensing agent NYC & Company in an ill willed attempt at retaliating against Defendant Robert G. Lopez for the earlier infringement action Defendant Robert G. Lopez commenced against the City's licensee.

10. In early December 2020, Defendant. Robert G. Lopez was contacted on his cell phone by an individual who claimed to be affiliated with the City of New York, which Defendant later learned to be Mr. Gerald Singleton, an attorney for the City.

11. Mr. Singleton inquired about Defendant's use of his **NYC NEW YORK CANNABIS™** mark and Defendant informed Mr. Singleton that his mark was independently created, included a marijuana leaf and the words **NEW YORK CANNABIS™** and that Defendant's mark was **NOT** in any conflict with any of the City's marks. Upon concluding the telephone conversation with Mr. Singleton, Defendant never heard from Mr. Singleton again or any other representative of the City in regards to his use of his **NYC NEW YORK CANNABIS™** mark.

12. The City never sent Defendant any formal or written cease-and-desist notice or any other form of written communication demanding that Defendant discontinue his use of his **NYC NEW YORK CANABIS™** mark.

13. Since at least as early as December of 2020, Mr. Singleton and other representatives of the City had access to view Defendants NYC.cannabis.537 Instagram accounts where Defendant Robert G. Lopez regularly posted images and information regarding his **NYC NEW YORK CANNABIS™** mark.

14. On December 25, 2020, Defendant Robert G. Lopez, posted a photograph of his then recently issued NYS Trademark registration for the mark NYC NEW YORK CANNABIS™ where Defendant stated "**#MerryChristmas to all #GodIsGood early "XMAS" gift to us...that #NewYorkState #Trademark Registration Certificate ™ ® just arrived for that "NYC NEW YORK CANNABIS™" #logo - - short term victory in our overall goal and objective of building a strong ...**

19

**#IntellectualProperty portfolio but #Weactive - - #Progression - - might make it sound small but its actually a big deal…the government and the State of New York just declared us to be the #exclusive #Owner of this property which immediately opened the door for #Licensing opportunities and aggressive enforcement actions against any unauthorized users of our "NYC" Logo property - - …"**

15. After Defendant Robert G. Lopez posted the aforementioned information and image of his NYS trademark registration he was never contacted by the City or any of its representatives regarding his continued use and/or trademark registration for the mark **NYC NEW YORK CANNABIS™**.

16. The registration and issuance of a trademark registration certificate from a governmental agency provided Defendant Robert G. Lopez with the legal right to use his **NYC NEW YORK CANNABIS™** mark and provided a legal presumption to Defendant that he was operating lawfully and in good faith particularly since Defendant was never contacted by the City again in regards to his use or trademark registration of the **NYC NEW YORK CANNABIS™** mark.

17. Plaintiff is the registered owner of New York State Trademark Registration No. R33743 for the mark **NYC NEW YORK CANNABIS™** for **"Hoodies, sweaters, caps and t-shirts."**

18. Plaintiff is the registered owner of New York State Trademark Registration No. S25230 for the mark **NYC NEW YORK CANNABIS™** for **"Advertising the brands, goods and services of others; business management and consultation services;**

providing online business information and news on cannabis products, services and legal developments."

19. Plaintiff is the registered owner of New York State Trademark Registration No. S25231 for the mark NYC NEW YORK CANNABIS™ for "Educational and entertainment services, namely, providing a website featuring information in the nature of current news and events about cannabis, the cannabis industry and products containing cannabis."

## FIRST COUNTERCLAIM

## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE CITYS MARKS

20. Defendant Robert G. Lopez repeats and realleges, and incorporates herein the foregoing counterclaim paragraphs.

21. To the extent that Plaintiff's marks are legally valid, Defendant is not liable for infringement. Among other statutory and other defenses, (1) Defendant has not used all or some of the alleged marks, and (2) Defendants use, if any, of the marks NYC NEW YORK CANNABIS in connection with the goods/services that Defendant has used his NYC NEW YORK CANNABIS mark are protected under the doctrine of fair use, good faith, abandonment, and laches.

22. Defendant Robert G. Lopez seeks a declaration of non-infringement so that there will be no controversy clouding Defendants right to use his NYC NEW YORK CANNABIS™ mark on the goods and services listed in his NYS trademark registrations.

## SECOND COUNTERCLAIM

## ABUSE OF PROCESS

23. Defendant Robert G. Lopez repeats and realleges, and incorporates herein the foregoing counterclaim paragraphs.

24. The City clearly commenced this action with the willful intent to wrongfully circumvent the ownership rights Defendant has built in his NYC NEW YORK CANNABIS brand so that it can attempt to utilize Defendants mark now that marijuana has become legal in New York State.

The City's improper and malicious intent is established by the fact that The City of New York does not have any protectable interest in the marks NEW YORK CANNABIS™ and/or NYC NEW YORK CANNABIS™.

25. The City of New York does **NOT** own any State or Federal trademark for the mark NYC NEW YORK CANNABIS™.

26. The City's knowing and intentional conduct constitutes an abuse of process and Defendant has been damaged in an amount to be determined upon the trail of this action.

27. As a result, Plaintiff has caused the Defendant damages in an amount to be determined at trial.

WHEREFORE, Defendant Robert G. Lopez prays for judgement as follows:

A. That Plaintiff's Complaint be dismissed in its entirety;

B. On Defendants First Counterclaim that he be declared to not have infringed any of the City's marks;

C. On Defendant's Second Counterclaim, that Defendant be awarded damages in an amount to be determined at trial;

D. Grant Defendant such other and further relief as this Court deems just and proper.

Dated:  October 12, 2022
        New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Defendant
230 Clinton Street – Apt. 11C
New York, New York 10002
(917) 868-1698

# EXHIBIT A

JUDGE WOODS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual, )
)
Plaintiff, )
)
v. )
)
ONLY NY STORE LLC )
)
Defendant. )

# 17 CV 4257

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Only NY Store LLC, as follows:

### NATURE OF THE ACTION

1.     This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, LOWER EAST SIDE™ and LES NYC®, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademark LOWER EAST SIDE™ and LES NYC® and offering various clothing items under such brand names, the Defendant has infringed Plaintiff's rights in the aforementioned marks by promoting, selling, and offering for sale clothing items under Plaintiff's trademarks.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's registered trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3.      This Court has personal jurisdiction over the Defendant because Defendant engages in continuous and significant business activities in, and directed to the State of New York within this judicial district and is registered with the NYS Department of State Division of Corporations to do business in New York and because Defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business and/or maintains an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant Only NY Store, LLC is a New York Limited Liability Company with a principal place of business at 176 Stanton Street, New York, New York 10002.

## FACTS

7.     Since at least as early as 1999, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the LOWER EAST SIDE™ and LES NYC® brand names.

8.     Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks LES™, LOWER EAST SIDE™, and LES NYC®.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark LOYALTY EQUALS STRENGTH™ which is an additional representation of what the LES™ acronym stands for and represents.

9.     In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™, LES NYC®, LES™ and LOYALTY EQUALS STRENGTH™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts and t-shirts which bear the THE LOWER™, LOWER EAST SIDE™ and LES NYC® marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

10.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through flyer order forms, and his t-shirts, caps and other clothing items are also available for sale in several retail locations in New York City and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002, which is directly around the corner and only feet away from Defendant's store at 176 Stanton Street.

**43 Clinton Street, New York, New York 10002**

**LES Clothing Co.™ Flagship Store** (around the corner from Defendant's Only NY Store)















11.     Plaintiff advertises his **LES CLOTHING CO™, LOWER EAST SIDE™, THE LOWER™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** related clothing items to be included in magazine advertisements and other marketing materials.

12.     The **LOWER EAST SIDE™** brand and mark as used by Plaintiff has acquired "**secondary meaning**" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long standing use of the mark in the apparel industry.

13.     Plaintiff and his **LES Clothing Co.™** company are the known source providers of **LOWER EAST SIDE™** and **LES NYC®** related clothing products, particularly in Lower Manhattan and in the area and vicinity in which Defendant's clothing store is located.

14.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**. **(See Exhibit A).**

15.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**. **(See Exhibit B)**.

16.     The mark **LOWER EAST SIDE®** is a recognized clothing brand and is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "incontestable" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years. **(See Exhibit C)**.

17.     Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER**

5

**EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE** mark but limits Payless's use of the mark to **"footwear"** and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to **"t-shirts, sweaters, headwear"** and all other forms of clothing that exclude footwear.

18.     Plaintiff is informed and believes and thereon alleges that Defendant is marketing, promoting, selling and offering for sale the t-shirt shown below bearing Plaintiff's **LOWER EAST SIDE™, and LES NYC®** marks.



19.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™** and **LES NYC®** clothing products regarding the **LOWER EAST SIDE™** t-shirt offered and sold at Defendant's Only NY Store located at 176 Stanton Street and from Defendant's website thinking the product was sponsored and/or affiliated with Plaintiff and his business LES Clothing Co.™

20.     Defendant's use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** brands in connection with clothing was done willfully as Defendant is aware of Plaintiff's brand

6

and clothing business as well as the existence of the LES Clothing Co. Flagship store and Defendant's use of Plaintiff's trademarks has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the **LOWER EAST SIDE**™ and **LES NYC**® marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

21.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of this Complaint.

22.     The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendant is not ordered to cease all use of the **LES NYC**® and **LOWER EAST SIDE**™ marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

23.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint.

24.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC**® and **LOWER EAST SIDE**™ marks.

25.     Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and

accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

26. Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

27. By reason of Defendant's willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

28. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 27 of this Complaint.

29. Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

30. Defendant's unauthorized use of Plaintiff's LOWER EAST SIDE™ and LES NYC® marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

31. By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the LOWER EAST SIDE™ and LES NYC® marks and Defendant has become unjustly enriched by such acts of infringement.

32. Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

33.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint.

34.     Defendant has unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE**™ and/or **LES NYC**® marks.

35.     Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE**™, **LES NYC**®, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC**®, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC**® mark.

2.     That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendant's acts of willful infringement.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.


Dated: June 6, 2017                           Respectfully submitted,
       New York, New York                     Robert G. Lopez, Pro Se


                                              Robert G. Lopez
                                              Pro Se Plaintiff
                                              230 Clinton Street – Apt. #11C
                                              New York, New York 10002
                                              (917) 868-1698

# EXHIBIT A

# New York State Department of State
## Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R31067 | **Registration Date:** | 06/06/07 |

**Applicant:**   ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK       NY    10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**   25

**Date First Used in NYS:**   12/1999       **Date First Used Anywhere**   12/1999

**Trademark Description:**
LOWER EAST SIDE

*The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.*

**Description of Goods:**   *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Thursday, August 16, 2007*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# New York State Department of State
# Certificate of Trademark Registration

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R32849 | **Registration Date:** | 08/09/16 |

| | |
|---|---|
| **Applicant:** | **ROBERT G. LOPEZ** |
| | **230 CLINTON ST. - APT. 11C** |
| | **NEW YORK**          NY    10002- |

**State of Incorporation or Partnership Organization:**

| **Class Numbers:** | 25 |
|---|---|

| | | | |
|---|---|---|---|
| **Date First Used in NYS:** | 12/01/1999 | **Date First Used Anywhere:** | 12/01/1999 |

**Trademark Description:**
The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.

**Description of Goods:**          Clothing, namely; t-shirts, sweaters, shorts and headwear.

*WITNESS my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

*Executive Deputy Secretary of State*

**DOS-690 (Rev. 8/13)**

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**
**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

LOPEZ, ROBERT O. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR
LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT C



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump | to record: [        ] **Record 26 out of 29**

TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| **Word Mark** | LOWER EAST SIDE |
| **Goods and Services** | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75652553 |
| **Filing Date** | March 3, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 30, 1999 |
| **Registration Number** | 2416437 |
| **International Registration Number** | 1220106 |
| **Registration Date** | December 26, 2000 |
| **Owner** | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | ROBERT CARROLL |
| **Prior Registrations** | 1795922 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| **Renewal** | 1ST RENEWAL 20110108 |

**EXHIBIT B**

**Shop New Arrivals.**

☰      🛒

  Shop.   Collections.   Newsstand.   Locations.   Search   Account   🛒

Only NY has proudly been an official license partner of the City of New York since 2015. These original municipal inspired collections are an homage to our city with a portion of the proceeds benefiting the City of New York.

Filter ▽

    Sort by  ⌄





**NYC Parks Varsity Jacket**

$240 USD

**NYC Parks Tennis Nylon Pullover**

$120 USD







**NYC Parks Tennis Nylon Pullover**

$120 USD

**NYC City of New York Sweatpants**

$140 USD





**NYC City of New York Sweatpants**

$140 USD

**NYC DSNY Recycles Long Sleeve T-Shirt**

$60 USD





**NYC Parks Ginkgo Fest T-Shirt**



**NYC Parks Logo Champion® Hoodie**

$98 USD

**NYC Parks Logo Champion® Hoodie**

Sold Out



**NYC Parks Crewneck**

$100 USD

**NYC Parks Logo Champion® Hoodie**

$98 USD







**NYC Parks Varsity Sweatpants**

Sold Out

**NYC Parks Varsity Sweatpants**

$120 USD





**NYC Thank You! Crop Shorts**

$88 USD

**DOT Bicycle Long Sleeve T-Shirt**

$60 USD





**City of NY Butterfly T-Shirt**

$48 USD

**City Of NY Butterfly Crop T-Shirt**

$48 USD







**NYC Parks Run T-Shirt**

$48 USD

**City of NY Butterfly T-Shirt**

$48 USD





**City of New York Butterfly T-Shirt**

$48 USD

**City of New York Butterfly T-Shirt**

$48 USD





### NYC DOT Socks

$20 USD

### NYC Chunky Logo Socks

$20 USD

### NYC Parks Air Freshener

$12 USD

 

### NYC Parks Umbrella

$48 USD

### NYC Parks Umbrella

$48 USD

**Stores**

## Only NY Flagship Store
## 176 Stanton St.
## NY, NY 10002

## Only NY Brooklyn
## 49 Franklin St.
## Brooklyn, NY 11222