UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

CITY OF NEW YORK,

                                **ECF CASE**

                        Plaintiff,

                                21 CV 7862 (JPO) (OTW)

            v.-

ROBERT G. LOPEZ,

                        Defendant.

-------------------------------------------------------------------- X

### PLAINTIFF CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S SECOND COUNTERCLAIM FOR ABUSE OF PROCESS AND MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Of Counsel: Gerald E. Singleton
Attorney for Plaintiff City of New York
100 Church Street, Room 20-093
New York, New York 10007
Tel: (212) 356-2036
Cell: (917) 734-7906
gsinglet@law.nyc.gov

## TABLE OF CONTENTS

Preliminary Statement..................................................................................................... 1

ARGUMENT .................................................................................................................... 1

    Legal Standard ........................................................................................................... 1

A.    Motion to Dismiss......................................................................................................... 1

    Defendant's Second Counterclaim for Abuse of Process Fails to State a
    Claim............................................................................................................................ 2

    Granting Leave to Amend Would Be Futile ............................................................... 5

B.    Motion to Strike Affirmative Defenses......................................................................... 6

    First Affirmative Defense — Ornamental/Non-Trademark Use/Fair Use ........................ 7

    Second Affirmative Defense — Non-Use of NYC Direct Trademark ............................... 8

    Third Affirmative Defense — Innocent Use .................................................................... 8

    Fourth Affirmative Defense — Lack of Secondary Meaning of City Marks
    for Cannabis Related Goods and Services ..................................................................... 9

    Fifth Affirmative Defense — Lack of Confusion............................................................. 9

    Sixth Affirmative Defense —— First Amendment Expressive Speech.............................. 10

    Seventh Affirmative Defense — Good Faith.................................................................... 10

    Eighth Affirmative Defense — City's Alleged Lack of Protectable Interest
    in Defendant's Marks................................................................................................... 11

    Ninth Affirmative Defense — City's Alleged Lack of Protectable Interest
    in Marijuana Leaf Image.............................................................................................. 11

    Tenth Affirmative Defense — City Does Not Own a Federal or State
    Trademark Registration of Defendant's Word Marks .................................................... 11

    Eleventh Affirmative Defense — City Does Not Own a Federal or State
    Trademark Registration That Includes a Marijuana Leaf .............................................. 12

    Twelfth Affirmative Defense — City Does Not Claim Ownership or Use
    Rights in Defendant's Word Marks or a Marijuana Leaf ............................................... 12

    Thirteenth Affirmative Defense — City Has Never Used Defendant's
    Word Marks or a Marijuana Leaf As Trademarks.......................................................... 12

Fourteenth Affirmative Defense — City Does Not Use its NYC® Mark
For Cannabis-Related Goods and Services ........................................................ 13

Fifteenth Affirmative Defense — City Uses Its NYC® Mark to Refer to
"New York City" and Not "New York Cannabis" ........................................... 13

Sixteenth Affirmative Defense — Abandonment .............................................. 13

Twentieth Affirmative Defense — Estoppel ..................................................... 14

Twenty-First Affirmative Defense — Waiver .................................................. 15

Twenty-Second Affirmative Defense — Laches ............................................... 15

Twenty-Third Affirmative Defense — Unclean Hands..................................... 16

Twenty-Fourth Affirmative Defense — *de minimis non curat lex* ................... 16

Twenty-Sixth Affirmative Defense — Good faith Belief that Actions
Were Legally Justifiable ................................................................................... 17

CONCLUSION ....................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Vision, LLC v Lens.com, Inc.,*
  18-cv-00407-NG-RLM, 2022 WL 1665453, 2022 U.S. Dist. LEXIS 94031 (E.D.N.Y.
  May 25, 2022) ........................................................................................................................ 16

*Am. Brands, Inc. v R. J. Reynolds Tobacco Co.,*
  413 F Supp 1352 (S.D.N.Y. 1976) ....................................................................................... 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................................................... 1, 2, 7

*Aspex Eyewear, Inc. v Clariti Eyewear, Inc.,*
  531 F. Supp. 2d 620 (S.D.N.Y. 2008) .................................................................................. 14

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................................................................... 1, 2, 6

*Car-Freshner Corp. v Just Funky LLC,*
  No. 19-CV-0289, 2019 WL 6270991, 2019 U.S. Dist. LEXIS 203958 (N.D.N.Y.
  Nov. 25, 2019) ...................................................................................................................... 10

*Casa de Meadows Inc. (Cayman Islands) v . Zaman,*
  76 A.D.3d 917, 908 N.Y.S.2d 628 (1st Dept. 2010) .............................................................. 4

*Coach, Inc. v. Kmart Corps.,*
  756 F. Supp. 2d 421 (S.D.N.Y. 2010) ............................................................................. 6, 15

*Curiano v. Suozzi,*
  63 N.Y.2d 113, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984)............................................ 3, 4

*De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.,*
  No. 04 Civ. 4099 (DLC). 2005 WL 1164073, 2005 U.S. Dist. LEXIS 9307 (S.D.N.Y.
  May 18, 2005) ....................................................................................................................... 16

*Defiance Button Machine Co. v. C & C Metal Prods. Corp.,*
  759 F.2d 1053 (2d Cir. 1985) ............................................................................................... 14

*Dunlop-McCullen v. Loc. 1-S, AFL-CIO-CLC,*
  149 F.3d 85 (2d Cir. 1998) ................................................................................................... 16

*Erickson v. Pardus,*
  551 U.S. 89 (2007) .................................................................................................................. 2

*Estee Lauder, Inc. v. Fragrance Counter, Inc.,*
  189 F.R.D. 269 (S.D.N.Y. 1999).......................................................................................... 15

*Estelle v. Gamble,*
    429 U.S. 97 (1976) ........................................................................................................... 2

*Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.,*
    507 F. App'x 26 (2d Cir. 2013)....................................................................................... 15

*Ferrari v. Cnty. of Suffolk,*
    790 F. Supp. 2d 34 (E.D.N.Y. 2011) ............................................................................... 2

*GEOMC Co. v. Calmare Therapeutics Inc.,*
    918 F.3d 92 (2d Cir. 2019) ........................................................................................... 6, 7

*Goel v. Bunge, Ltd.,*
    820 F.3d 554 (2d Cir. 2016) ............................................................................................ 1

*Goodman v Sharp,*
    No. 21-CV-10627 (VEC), 2022 WL 2702609, 2022 U.S. Dist. LEXIS 123138
    (S.D.N.Y. July 12, 2022) ................................................................................................. 3

*Gottlieb Dev. LLC v Paramount Pictures Corp.,*
    590 F Supp 2d 625 (S.D.N.Y. 2008) ............................................................................. 16

*Grullon v. City of New Haven,*
    720 F.3d 133 (2d Cir. 2013) ............................................................................................ 5

*Gucci Am., Inc. v Guess?, Inc.,*
    868 F. Supp.2d 207, 245 (S.D.N.Y. 2012) ...................................................................... 9

*Hauser v. Bartow,*
    273 N.Y. 370, 7 N.E.2d 268 (1937) ................................................................................ 4

*Henning v. N.Y.C. Dep't of Corr.,*
    No. 14 Civ. 9798, 2016 WL 297725, 2016 U.S. Dist. LEXIS 7763 (S.D.N.Y. Jan. 22,
    2016) ................................................................................................................................ 2

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.,*
    219 F.3d 104 (2d Cir. 2000) .......................................................................................... 13

*Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.,*
    Nos. 16-CV-2767, 16-CV-2787 (GBD), 2016 WL 6906583, 2016 U.S. Dist. LEXIS
    165511 (S.D.N.Y. Nov. 21, 2016)................................................................................... 6

*Influx Capital LLC v. Pershin,*
    186 A.D.3d 1622, 1625,131 N.Y.S.3d 712 (2d Dept. 2020) ............................................ 3

*ITC Ltd. v. Punchgini, Inc.,*
    482 F.3d 135 (2d Cir. 2007) .......................................................................................... 13

*Ivance v. Garrido,*
    184 A.D.3d 422, 124 N.Y.S.3d 678 (1st Dept. 2020) ...................................................... 4

*Kelly-Brown v. Winfrey,*
 717 F.3d 295 (2d Cir. 2013) ........................................................................................ 8

*On Davis v. The Gap, Inc.,*
 246 F.3d 152 (2d Cir. 2001) ................................................................................. 10, 17

*Park 'N Fly, Inc. v Dollar Park & Fly, Inc.,*
 782 F.2d 1508 Cir 1986 ............................................................................................... 8

*Pinkesz Mut. Holdings, LLC v. Pinkesz,*
 198 A.D.3d 693, 156 N.Y.S.3d 216 (2d Dept. 2021) ................................................. 3

*Planned Parenthood Fedn. of Am., Inc. v Bucci,*
 No. 97 Civ. 0629 (KMW). 1997 WL 133313, 1997 U.S. Dist. LEXIS 3338 (S.D.N.Y.
 Mar. 19, 1997) .......................................................................................................... 10

*Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.,*
 508 U.S. 49 (1993) ...................................................................................................... 5

*Ringgold v. Black Entm't T.V. Inc.,*
 126 F.3d 70 (2d Cir. 1997) ................................................................................... 16, 17

*Roberts v. Pollack,*
 92 A.D.2d 440, 461 N.Y.S.2d 272 (1983) .................................................................. 4

*Ruotolo v. I.R.S.,*
 28 F.3d 6 (2d Cir. 1994) ............................................................................................. 2

*Sandoval v. New Line Cinema Corp.,*
 147 F.3d 215 (2d Cir. 1998) ...................................................................................... 17

*SEC v. McCaskey,*
 56 F. Supp. 2d 323 (S.D.N.Y. 1999) .......................................................................... 6

*Secured Asset Mgt., LLC v Dushinsky,*
 No. 17-cv-05588 (DLI)(CLP), 2019 WL 4861411, 2019 U.S. Dist. LEXIS 172102
 (E.D.N.Y. Sep. 30, 2019) .......................................................................................... 14

*Shaub & Williams, L.L.P. v Augme Tech., Inc.,*
 No. 13 Civ. 1101 (GBD), 2014 WL 625390, 2014 U.S. Dist. LEXIS 23917 (S.D.N.Y.
 Feb. 14, 2014) .......................................................................................................... 15

*Silva v. Hornell Brewing Co.,*
 No. 20-CV-756 (ARR) (PK), 2020 WL 8079823, 2020 U.S. Dist. LEXIS 247538
 (E.D.N.Y. Dec. 1, 2020) ............................................................................................. 6

*Takeda Chem. Indus. v. Alphapharm Pty., Ltd.,*
 No. 04 Civ. 1966 (DLC), 2004 WL 1872707, 2004 U.S. Dist. LEXIS 16584
 (S.D.N.Y. Aug. 19, 2004) .......................................................................................... 14

v

*Traguth v. Zuck,*
    710 F.2d 90 (2d Cir. 1983) ............................................................................................ 2

*Triestman v. Fed. Bureau of Prisons,*
    470 F.3d 471 (2d Cir. 2006) .......................................................................................... 2

*W.I.L.D. W.A.T.E.R.S., Ltd. v. Martinez,*
    152 A.D.2d 799, 543 N.Y.S.2d 579 (3rd Dept. 1989).................................................... 5

*Yankee Publishing, Inc. v. News America Publishing, Inc.,*
    809 F. Supp. 267 (S.D.N.Y. 1992) .............................................................................. 10

**Statutes**

15 U.S.C. § 1064(3) ........................................................................................................ 13

15 U.S.C. § 1115(b)(4) ...................................................................................................... 8

15 U.S.C. § 1115(b)(5) ...................................................................................................... 8

Lanham Act........................................................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 12(a)(1)(A)(i)............................................................................................. 7

Fed. R. Civ. P. Rule 12(f) .............................................................................................. 1, 6

Fed. R. Civ. P. 15(a)(1)(B)................................................................................................. 7

Fed. R. Civ. P. 15(a)(3)...................................................................................................... 7

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................... 1

**Preliminary Statement**

Plaintiff City of New York (the "City") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. Rule 12(b)(6), to dismiss *pro se* Defendant Robert G. Lopez ("Lopez")'s Second Counterclaim for Abuse of Process, and to strike twenty-two (22) of his alleged affirmative defenses, pursuant to Fed. R. Civ. P. Rule 12(f), on the grounds that they conclusory and lack any factual support and/or are not legally cognizable affirmative defenses. .

## ARGUMENT

**Legal Standard**

### A.   **Motion to Dismiss**

In determining the adequacy of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court is generally limited to the "facts stated on the face of the complaint." *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks omitted).  To survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," id. at 558, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.  Under this standard, the court must accept Defendant's factual allegations as true, though a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (citing *Twombly*, 550 U.S. at 556).

Additionally, a counterclaim "filed *pro se* is 'to be liberally construed,' and 'a *pro se* [counterclaim], however inartfully pleaded, must be held to less stringent standards than formal

1

pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks and citation omitted).   Courts are required to give *pro se* submissions "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), because "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," *Triestman*, 470 F.3d at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).   Nonetheless, a pleading tendering "'naked assertion[s]' devoid of 'further factual enhancement'" is not sufficient.   *Twombly*, 550 U.S. at 557).   Furthermore, while a court assumes the truth of all allegations in a pleading, the same is not true for mere legal conclusions couched as factual allegations.   *Iqbal*, 556 U.S. at 678.

Consistent with the duty to liberally construe *pro se* pleadings, a court considering a motion to dismiss a *pro se* claim may also consider and credit allegations advanced in opposition papers and other filings.   See *Henning v. N.Y.C. Dep't of Corr.*, No. 14 Civ. 9798, 2016 WL 297725, at *3, 2016 U.S. Dist. LEXIS 7763 (S.D.N.Y. Jan. 22, 2016).   On a motion to dismiss, the court also "may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in court records of prior litigation and that relate to the case sub judice." *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n. 4 (E.D.N.Y. 2011).

## Defendant's Second Counterclaim for Abuse of Process Fails to State a Claim

Defendant's Second Counterclaim is labeled as "abuse of process", which is a state-law tort.   Defendant alleges that "[t]he City clearly commenced this action with the willful intent to wrongfully circumvent the ownership rights Defendant has built in his NYC NEW YORK

CANNABIS brand so that it can attempt to utilize Defendants (sic) mark now that marijuana has become legal in New York State." See Answer (ECF doc. 77), Second Counterclaim, at ¶ 24) Defendant further alleges that "[t]he City's improper and malicious intent is established by the fact that The City of New York does not have any protectable interest in the marks **NEW YORK CANNABIS™** and /or **NYC NEW YORK CANNABIS**.™" Id. (emphasis in original). Defendant further alleges that "[t]he City of New York does **NOT** own any State or Federal trademark for the mark **NYC NEW YORK CANNABIS**.™" (Id. at ¶ 25) (emphasis in original). Finally, Defendant alleges that "[t]he City's knowing and intentional conduct constitutes an abuse of process and Defendant has been damaged in an amount to be determined upon the trail (sic) of this action." Id. .

Assuming *arguendo* that these allegations are factually true, they do not state a claim for abuse of process. See *Goodman v Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609, 2022 U.S. Dist. LEXIS 123138, at *15 (S.D.N.Y. July 12, 2022) (dismissing *pro se* claim for abuse of process). "[T]he mere commencement of a civil action cannot serve as the basis for a cause of action alleging abuse of process." *Pinkesz Mut. Holdings, LLC v. Pinkesz*, 198 A.D.3d 693, 696-97, 156 N.Y.S.3d 216, 220 (2d Dept. 2021), quoting *Influx Capital LLC v. Pershin*, 186 A.D.3d 1622, 1625,131 N.Y.S.3d 712 (2d Dept. 2020).

Under New York law, abuse of process has three elements: (1) regularly issued legal process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984). The New York Court of Appeals has made clear that this tort requires the use of legal process to unlawfully interfere with one's person or property. Id. However, "[t]he institution of a civil action by summons and complaint is

not legally considered process capable of being abused." Id. (citation omitted).  See also *Ivance v. Garrido*, 184 A.D.3d 422, 423, 124 N.Y.S.3d 678 (1st Dept. 2020) (the mere filing of petitions is not generally considered process that can be abused).

"If process has a legitimate purpose, the allegation that it was misused does not suffice to state a claim for abuse of process." *Casa de Meadows Inc. (Cayman Islands) v . Zaman*, 76 A.D.3d 917, 921, 908  N.Y.S.2d 628, 632 (1st Dept. 2010) (citing *Roberts v. Pollack*, 92 A.D.2d 440, 445, 461 N.Y.S.2d 272 (1983).  "A malicious motive alone . . . does not give rise to a cause of action for abuse of process."  *Curiano*, 63 N.Y.2d at 117 (citation omitted).

Defendant's abuse of process counterclaim falls well short of the requisite pleading standard.  As in *Curiano*,  Defendant alleges only that the City was improperly motivated, not that they misused the civil litigation process.  Even if the City harbored some ill will toward Defendant, it nonetheless had every right to bring a lawsuit to protect its intellectual property.  Defendant's allegations do not suggest otherwise.   Furthermore, the City's alleged bad motive alone is insufficient to support an abuse of process claim.  See *Hauser v. Bartow*, 273 N.Y. 370, 374, 7 N.E.2d 268 (1937) ("Every one (sic) has a right to use the machinery of the law, and bad motive does not defeat that right.").

In *Hauser v. Bartow*, 273 N.Y. 370, 374, 7 N.E.2d 268, 269  (1937), the New York Court of Appeals stated that "it is not enough that the actor have an ulterior motive in using the process of the court.  It must further appear that he did something in the use of the process outside of the purpose for which it was intended." Id.  The court further explained that an abuse of process claim must involve some "perversion of the process" by the person accused of wrongdoing, and gave examples of conduct rising to this level, such as to extort money or coerce action.  Id.

It is generally understood that a lawsuit is "a reasonable effort at petitioning for redress and therefore not a sham." *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 n.5 (1993).  Thus, In *W.I.L.D. W.A.T.E.R.S., Ltd. v. Martinez*, 152 A.D.2d 799, 543 N.Y.S.2d 579 (3rd Dept. 1989), the court upheld the dismissal of an abuse of process claim, where the plaintiff had sought - and the court granted - a temporary restraining order and a preliminary injunction against the defendant; and the Appellate Division had subsequently reversed both.  The court held that even though the restraining order and injunction were vacated, the plaintiff had sought them for a legitimate purpose, and the defendant had failed to allege how the plaintiff's improperly used the process after it was issued.  Id.

Here, there are no facts alleged that would support a claim for abuse of process.  Indeed, the fact that the City prevailed in its motion for a preliminary injunction severely undermines the claim that it abused process when vindicating its rights in federal court.  Moreover, in this case, Defendant filed an appeal, which was dismissed based on his failure to perfect the appeal.  Consequently, the preliminary injunction remains in effect and is the law of the case.

## Granting Leave to Amend Would Be Futile

Leave to amend should be freely granted to a *pro se* litigant unless it is clear that no valid claim can be stated.  See *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotation marks and citations omitted)).  However, an amendment would be futile here because even a liberal reading of Defendant's counterclaim provides no indication that he can state a claim upon which relief could be granted for abuse of process.

**B.**    **Motion to Strike Affirmative Defenses**

The court may grant a motion to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Rule 12(f). Motions to strike affirmative defenses are "generally disfavored." *Silva v. Hornell Brewing Co.*, No. 20-CV-756 (ARR) (PK), 2020 WL 8079823, at *2, 2020 U.S. Dist. LEXIS 247538 (E.D.N.Y. Dec. 1, 2020). Indeed, they "should be denied unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, Nos. 16-CV-2767, 16-CV-2787 (GBD), 2016 WL 6906583, at *6, 2016 U.S. Dist. LEXIS 165511 (S.D.N.Y. Nov. 21, 2016) (citation and quotation marks omitted); see also *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010) ("[T]he relevant question is whether, based on the pleadings as construed in the light most favorable to Defendants, there is a question of fact or a substantial question of law that might allow any of these defenses to succeed.").

To succeed on a motion to strike, a plaintiff typically must demonstrate that: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). On the one hand, an affirmative defense may be stricken if it is not plausibly pleaded or "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." Id., 918 F.3d at 97-99. On the other hand, "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." Id. at 98.

In considering the first factor, "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with

recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." Id. at 98 (quoting Iqbal, 556 U.S. at 679).  Further:

> The key aspect of the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than a complaint, is at issue. This is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense. The pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard. By contrast, the pleader of an affirmative defense has only the 21-day interval to respond to an original complaint, see Fed. R. Civ. P. 12(a)(1)(A)(i), the 21-day interval to amend, without court permission, an answer that requires a responsive pleading, see Fed. R. Civ. P. 15(a)(1)(B), or the 14-day interval to file a required response to an amended pleading that makes a new claim, see Fed. R. Civ. P. 15(a)(3).  That aspect of the context matters. In addition, the relevant context will be shaped by the nature of the affirmative defense.  For example, the facts needed to plead a statute-of-limitations defense will usually be readily available; the facts needed to plead an ultra vires defense, for example, may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard.

Id.  Here, however, the complaint was filed and served in September 2021 and Defendant has had more than a year to gather and consider facts necessary to the plead the affirmative defenses at issue.   Applying the foregoing standards, the following alleged affirmative defense are woefully inadequate and should be stricken.

### First Affirmative Defense — Ornamental/Non-Trademark Use/Fair Use

For his First Affirmative Defense, Defendant alleges that his mark **NYC NEW YORK CANNABIS™** in association with t-shirts, hoodies and caps is an ornamental use subject to the fair use exception under federal and state law and is used other than as a designation of source. Defendant also alleges his use of his graphic designs on apparel is protected as a fair use.  None of these conclusory statements has any factual support or legal merit.

Plaintiff has alleged and shown that Defendant has pending applications for federal trademark registrations for his **NYC NEW YORK CANNABIS™** marks.  Defendant has also obtained New York State trademark and service mark registrations for his infringing word marks.

His use of the TM designation also shows that he is using the mark as a designation of source. Such facts constitute admissions of use as a trademark and as a designation of source and he is therefore estopped to deny use of the marks as trademarks. Furthermore, the City's registered trademarks, which Defendant does not deny copying, are specifically registered as trademarks for apparel, including t-shirts, hoodies and caps.

Defendant provides no factual basis for his claim of fair use. To establish a fair use affirmative defense, "the defendant must prove three elements: that the use was made (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013); see also 15 U.S.C. § 1115(b)(4). Defendant cannot satisfy any of these elements. Accordingly, this affirmative defense should be stricken.

### Second Affirmative Defense — Non-Use of NYC Direct Trademark

For his Second Affirmative Defense, Defendant alleges that he has not used NYC Direct as depicted in the chart in the City's Complaint (¶ 2) as a mark and that to the extent that the City's claims are based on use of all of the marks depicted, the City has no claims for infringement of any of the marks depicted. It is nonsense and does not constitute an affirmative defense Accordingly, this affirmative defense should be stricken.

### Third Affirmative Defense — Innocent Use

Under 15 U.S.C. § 1115(b)(5), the Lanham Act creates a narrow exception to the conclusive presumption of a registrant's right to use its incontestable mark. The prior innocent use exception applies when the mark has been used by a party or those in privity with it since a date prior to registration of the mark. *Park 'N Fly, Inc. v Dollar Park & Fly, Inc.*, 782 F.2d 1508, 1509 9th Cir 1986) The defense of innocent use is statutory, and requires that defendant adopted its allegedly infringing mark without knowledge — actual or constructive — of the senior mark. It

also requires a showing that the junior user used the mark before the senior user registered its own mark, and has done so continuously since then. *Gucci Am., Inc. v Guess?*, Inc., 868 F. Supp.2d 207, 245 (S.D.N.Y. 2012).

In this case, the City's registered marks are incontestable and Defendant's use began long after the mark were registered. Furthermore, Defendant admittedly copied the City's marks and cannot claim its use is innocent. Accordingly, the affirmative defense of innocent use should be stricken.

**Fourth Affirmative Defense — Lack of Secondary Meaning**
**of City Marks for Cannabis Related Goods and Services**

For his Fourth Affirmative Defense, Defendant alleges that "[t]he marks in question owned by the City are geographic in nature and none of the City's marks have attained secondary meaning in connection or association with any cannabis related goods or services." This affirmative defense has no merit and should be stricken. As this Court found and held on the City's motion for a preliminary injunction, City has a valid claim for infringement, notwithstanding the lack of use of its registered trademarks for cannabis goods and services, because it may "bridge the gap" and use its incontestable stylized **NYC** block letter mark in connection with regulation, taxation and enforcement related to cannabis-related goods and services. It is simply not a cognizable affirmative defense.

**Fifth Affirmative Defense — Lack of Confusion**

For his Fifth Affirmative Defense, Defendant alleges that his use of the his **NYC NEW YORK CANNABIS™** mark for cannabis related goods and services does not result in confusion with the City's marks. This Court already has found and held the Defendant's marks are counterfeit iterations of the City's marks and, as such, are presumed to cause consumer confusion. Accordingly, this affirmative defense lacks merit and should be stricken.

9

## Sixth Affirmative Defense —— First Amendment Expressive Speech

For his Sixth Affirmative Defense, Defendant alleges that his use of some of the City marks is protected by the First Amendment as expressive speech.  However, a defendant's use of another entity's mark is entitled to First Amendment protection when his use of that mark is part of a communicative message, and not when it is used to identify the source of a product as in this case. See, e.g., *Planned Parenthood Fedn. of Am., Inc. v Bucci*,  No. 97 Civ. 0629 (KMW). 1997 WL 133313, 1997 U.S. Dist. LEXIS 3338, at *35 (S.D.N.Y. Mar. 19, 1997); *Yankee Publishing, Inc. v. News America Publishing, Inc.*, 809 F. Supp. 267, 275 (S.D.N.Y. 1992).  Here, Defendant is clearly using the City's mark to promote his cannabis-related goods and services.  Defendant's counterfeit marks are used on product packaging and on promotional stickers and cards.  Such trademark uses do not qualify as expressive speech.  Accordingly, this affirmative defense should be stricken.

## Seventh Affirmative Defense — Good Faith

For his Seventh Affirmative Defense, Defendant alleges that his use of the NYC NEW YORK CANNABIS mark or any other mark was in good faith and without intent to infringe or dilute  the City's marks or unfairly compete with the City.  However, Defendant does not offer any facts to support such conclusory statements, such as seeking and relying on the advice of counsel or the conduct of a trademark search.  Moreover, his alleged good faith is not a defense to the City's claims.  "Honest users can infringe by reason of oversight or good faith mistake . . . [by believing] that the work was in the public domain, that his licensor was duly licensed, or that his use was protected by fair use."  *Car-Freshner Corp. v Just Funky LLC*, No. 19-CV-0289 (GTS/ATB), 2019 WL 6270991, 2019 U.S. Dist. LEXIS 203958, at *12 (N.D.N.Y. Nov. 25, 2019) (striking affirmative defense of good faith infringement), quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001).

Furthermore, here it is obvious that Defendant copied the City's marks with the intent to use his counterfeit marks to trade on the goodwill associated with the City's registered marks. Accordingly, this affirmative defense should be stricken.

**Eighth Affirmative Defense — City's Alleged Lack of**
**Protectable Interest in Defendant's Marks**

For his Eighth Affirmative Defense, Defendant alleges that the City does not have any protectable interest in the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™.** This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to claim rights in Defendant's word marks to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Ninth Affirmative Defense — City's Alleged Lack of**
**Protectable Interest in Marijuana Leaf Image**

For his Ninth Affirmative Defense, Defendant alleges that the City does not have any protectable interest in any marks that include or depict an image of a marijuana leaf. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to claim rights in the image of a marijuana leaf to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Tenth Affirmative Defense — City Does Not Own a Federal or State**
**Trademark Registration of Defendant's Word Marks**

For his Tenth Affirmative Defense, Defendant alleges that the City does not own any State or Federal trademark for the mark **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™**. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to claim trademark rights in Defendant's word marks to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Eleventh Affirmative Defense — City Does Not Own a Federal or State**
<u>**Trademark Registration That Includes a Marijuana Leaf**</u>

For his Eleventh Affirmative Defense, Defendant alleges that the City does not own any State or Federal trademark for any mark that includes or depicts an image of a marijuana leaf. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to own a Federal or State trademark in a mark with a marijuana leaf to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Twelfth Affirmative Defense — City Does Not Claim Ownership or Use**
<u>**Rights in Defendant's Word Marks or a Marijuana Leaf**</u>

For his Twelfth Affirmative Defense, Defendant alleges that the City does not claim any "ownership" or "use" rights in the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** or an image or design of a marijuana leaf. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not to own or claim trademark rights in Defendant's word marks or a marijuana leaf to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Thirteenth Affirmative Defense — City Has Never Used**
<u>**Defendant's Word Marks or a Marijuana Leaf As Trademarks**</u>

For his Thirteenth Affirmative Defense, Defendant alleges that the City has never "used" the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** or a marijuana leaf design for any goods or services offered in commerce. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to claim rights in Defendant's word marks or a marijuana leaf to protect its own marks. Accordingly, this affirmative defense should be stricken.

**Fourteenth Affirmative Defense — City Does Not Use its NYC® Mark**
**For Cannabis-Related Goods and Services**

For his Fourteenth Affirmative Defense, Defendant alleges that the City does not use its **NYC®** stand-alone mark in connection with any cannabis-related goods or services. This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to use its **NYC®** mark for cannabis-related goods or services in order to protect that mark. As this Court has already held, in granting the City's motion for a preliminary injunction, the City may "bridge the gap" and use its **NYC®** mark in connection with cannabis-related goods or services. Accordingly, this affirmative defense should be stricken.

**Fifteenth Affirmative Defense — City Uses Its NYC® Mark**
**to Refer to "New York City" and Not "New York Cannabis"**

For his Fifteenth Affirmative Defense, Defendant alleges that the City uses its **NYC®** mark as a term, designation and/or acronym that represents and refers to "New York City" and not "New York Cannabis™." This is not a cognizable affirmative defense. The City has a protectable interest in its own marks and the City does not need to use its **NYC®** mark to refer to New York Cannabis or cannabis-related goods or services in order to protect that mark. As this Court has already held, in granting the City's motion for a preliminary injunction, the City may "bridge the gap" and use its **NYC®** mark in connection with cannabis-related goods or services. Accordingly, this affirmative defense should be stricken.

**Sixteenth Affirmative Defense — Abandonment**

"[A]bandonment is not only an affirmative defense to an infringement action; it is a ground for cancelling a federally registered mark." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir. 2007) (citing 15 U.S.C. § 1064(3)). "To establish the defense of abandonment, it is necessary to show either the owner's intent to abandon the mark, or a course of conduct on the part of the owner causing the mark to become generic or lose its significance as a mark." *Hermes Int'l v. Lederer de*

13

*Paris Fifth Ave., Inc.*, 219 F.3d 104, 110 (2d Cir. 2000) (citing *Defiance Button Machine Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1059 (2d Cir. 1985).

For his Sixteenth Affirmative Defense, defendant alleges that "[a]ny purported rights owned by the City of New York in its **NYC®** stand-alone mark are weak and the **NYC™** mark used to refer to New York City is in widespread use by 1000's of retailers of clothing and related accessory items which constitutes an abandonment of The City of its alleged rights in its **NYC®** ("NEW YORK CITY") marks." However, after the filing of this action by the City, Defendant filed a cancellation proceeding with respect to the City's stand-alone **NYC®** mark, which was dismissed by the Trademark Trial and Appeal Board ("TTAB") of the United states Patent & Trademark Office ("USPTO") with prejudice. Accordingly, Defendant is precluded as a matter of law from trying to again litigate the same claim in this action and, therefore, this affirmative defense should be stricken.

## Twentieth Affirmative Defense — Estoppel

For his Twentieth Affirmative Defense, Defendant that Plaintiff's claims are barred in whole or part by estoppel. Defendant alleges no facts to support the conclusory invocation of estoppel a an affirmative defense. Accordingly, this affirmative defense should be stricken. <u>See</u> *Secured Asset Mgt., LLC v Dushinsky*, No. 17-cv-05588 (DLI)(CLP), 2019 WL 4861411, 2019 U.S. Dist. LEXIS 172102, at *22-23 (E.D.N.Y. Sep. 30, 2019) ("Invoking these doctrines as affirmative defenses necessitates dismissal because they are merely conclusory affirmative offenses."). Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet Rule 8(a)'s pleading standards. <u>See</u> *Aspex Eyewear, Inc. v Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008); *Takeda Chem. Indus. v. Alphapharm Pty., Ltd.*, No. 04 Civ. 1966 (DLC), 2004 WL 1872707, 2004 U.S. Dist. LEXIS 16584 (S.D.N.Y. Aug. 19, 2004). "Affirmative defenses that are merely 'conclusory

assertions, absent any supporting factual allegations[,] are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010).. Inclusion of invalid defenses risks prejudice to a plaintiff due to increased time and expense of litigation. *Shaub & Williams, L.L.P. v Augme Tech., Inc.*, No. 13 Civ. 1101 (GBD), 2014 WL 625390, 2014 U.S. Dist. LEXIS 23917, at *21-27 (S.D.N.Y. Feb. 14, 2014) (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999).

### Twenty-First Affirmative Defense — Waiver

For his Twenty- First Affirmative Defense, Defendant alleges that "Plaintiff's claims are barred in whole or in part by the doctrine of waiver." Again, Defendant has alleged no facts to support this affirmative defense and, accordingly, it should be stricken.

### Twenty-Second Affirmative Defense — Laches

For his Twenty-Second Affirmative Defense, Defendant alleges that "Plaintiff's claims are barred in whole or in part by the doctrine of laches." Defendant does not specify which claims are subject to the doctrine of laches and offers no facts to support the claim.

"Laches will bar a [party's] claim when [the opposing party] has been prejudiced by [the party's] unreasonable delay in bringing suit." *Fendi Adele, S.R.L. v. Ashley Reed Trading. Inc.*, 507 F. App'x 26, 29 (2d Cir. 2013)). However, this Court already has determined, on the City's prior motion for a preliminary injunction, that there was no unreasonable delay on the part of the City in moving for such relief. Furthermore, the action clearly is not barred by the statute of limitations. In any event, Defendant has not alleged any facts to support a claim of prejudice or unreasonable delay and, therefore, this affirmative defense should be stricken.

**Twenty-Third Affirmative Defense — Unclean Hands**

"The doctrine of unclean hands [under federal law] is based on the principle that since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff." *Dunlop-McCullen v. Loc. 1-S, AFL-CIO-CLC*, 149 F.3d 85, 90 (2d Cir. 1998) (internal quotation marks omitted). Misconduct that is "unrelated to the claim to which it is asserted as a defense," however, "does not constitute unclean hands." Id. Thus, the "defense of unclean hands applies only with respect to the right in suit." Id. "The unclean hands defense under New York law [has a] virtually identical" requirement." *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, No. 04 Civ. 4099 (DLC). 2005 WL 1164073, at *3, 2005 U.S. Dist. LEXIS 9307 (S.D.N.Y. May 18, 2005).

For his Twenty-Third Affirmative Defense, Defendant alleges that "Plaintiff's claims are barred in whole or in part by the doctrine of uncleans hands." Defendant alleges no facts whatsoever to support this affirmative defense and, accordingly it should be stricken. See *Alcon Vision, LLC v Lens.com, Inc.*, 18-cv-00407-NG-RLM , 2022 WL 1665453, 2022 U.S. Dist. LEXIS 94031 (E.D.N.Y. May 25, 2022)

**Twenty-Fourth Affirmative Defense — *de minimis non curat lex***

For his Twenty-Fourth Affirmative Defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of *de minimus non curat lex.* He provides no factual support.

The legal maxim "*de minimis non curat lex*" -- "the law does not concern itself with trifles" -- applies in the copyright context. See *Gottlieb Dev. LLC v Paramount Pictures Corp.*, 590 F Supp 2d 625, 632 (S.D.N.Y. 2008), quoting *Ringgold v. Black Entm't T.V. Inc.*, 126 F.3d 70, 74 (2d Cir. 1997). For example, if the copying is de minimis and so "trivial" as to fall below the quantitative threshold of substantial similarity, the copying is not actionable. Id. 74-75; see also

*Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) ("To establish that the infringement of a copyright is de minimis, and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'") (quoting *Ringgold*).

The doctrine is rarely applied in a trademark context, but arguably could be applicable in a case where there was only trivial usage of the marks at issue in commerce. See *Am. Brands, Inc. v R. J. Reynolds Tobacco Co.*, 413 F Supp 1352, 1358 (S.D.N.Y. 1976). The doctrine has no application here, however, given the Court's finding on the prior motion for a preliminary injunction that Defendant's marks are counterfeit and that consumer confusion is presumed. Defendant, in any event, would be estopped from arguing otherwise, given his pending applications for federal trademark registrations and his existing state trademark registrations. Accordingly, the affirmative defense should be stricken.

**Twenty-Sixth Affirmative Defense — Good faith Belief that Actions**
**Were Legally Justifiable**

For his Twenty-Sixth Affirmative Defense, Defendant alleges that, at all times, he acted in a good faith belief that his actions were legally justifiable. Again, good faith is not a defense to an infringement claim. Honest people can infringe trademark by reason of a good faith mistake that conduct is legally justifiable. See *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001). Accordingly, this affirmative defense should be stricken.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court dismiss Defendant's

Second Counterclaim for abuse of process and strike the affirmative defenses discussed above.

Dated: New York, New York
       November 3, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York

By _____
Gerald E. Singleton
Assistant Corporation Counsel
100 Church Street, Room 20-093
New York, New York 10007
Tel (212) 356-2036
Fax: (212) 356-2038
Cell: (917) 734-7906
gsinglet@law.nyc.gov

18