UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CITY OF NEW YORK,                         :
                                          :
                Plaintiff,           :   21-CV-7862 (JPO) (OTW)
                                          :
                -against-           :
                                          :   **ORDER**
ROBERT G. LOPEZ,                          :
                                          :
                Defendant.           :
                                          :
                                          :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF 123, 124, 127, and 129.

Among Plaintiff's filings, three issues are raised: (1) whether *pro se* Defendant Robert Lopez ("Lopez" or "Defendant") has filed unsworn responses to Plaintiff's interrogatories; (2) whether Lopez should be compelled to gather responsive information and documents that are in his control, notwithstanding Lopez's representations in his responses to Plaintiff's interrogatories that he has no responsive documents concerning his use of NYC NEW YORK CANNABIS marks because they have been lost or destroyed; and (3) Plaintiff's contested request to extend the time to complete discovery. (*See* ECF 127). The Court will address each in turn below.

1. **Lopez Is Deemed to Have Provided Sworn Responses to Plaintiff's Interrogatories**

At the November 6, 2024, conference, the Court encouraged the parties to take a "flexible" approach to discovery. (ECF 110). On December 4, 2024, Plaintiff filed a letter requesting the Court issue an order directing Defendant to show cause why he should not

be compelled to respond to Plaintiff's interrogatories under oath. (ECF 113). The Court then directed Defendant to file a letter response to Plaintiff's motion indicating whether Defendant's email responses were intended to be made under oath, or if he intended to submit separate signed responses under oath. (ECF 117). Defendant filed his responsive letter on December 20, 2024, informing the Court that his responses "were intended to be made under oath." (ECF 122). In light of the Court's emphasis on taking a flexible approach to discovery and Defendant's letter at ECF 122, Plaintiff's motion seeking an order to show cause is **DENIED as moot** and Defendant's responses are deemed sworn.

### 2. Defendant Is Given One Last Opportunity to Review and Consider Amending His Responses

Plaintiff's motions assert that while Defendant Lopez did not object to Plaintiff's six interrogatories and document requests, Lopez "claimed that he has no responsive documents concerning his use of the NYC NEW YORK CANNABIS marks and that all such documents have been lost or destroyed." (ECF Nos. 113, 127, 128). Plaintiff seeks information and documents such as business records maintained in the ordinary course of business pertaining to the use of the NYC NEW YORK CANNABIS marks, copies of federal and state tax returns reflecting income from the sale of merchandise bearing the marks at issue, and documents reflecting communications with third parties relating to the use of such marks. (*See* ECF 113). Plaintiff contends that Lopez's answer that he has no responsive documents cannot be true given allegations in other actions currently pending in this district, *see, e.g.*, *Lopez v. New York City Tourism + Conventions, Inc., et al.*, 24-CV-

7106 (DEH) (JW),[1] and because he has the ability to gather responsive information and documents (e.g., emails, copies of bank records, tax returns, sales records).

While Plaintiff's claims have been raised in at least six filings, (*see* ECF Nos. 113, 119, 123, 124, 127, 129), Defendant has only filed a single letter in response dated October 20, 2024, and filed on December 20, 2024. (ECF 122). Defendant contends that the requested information and documents either do "not exist or [are] not within my possession or control." (*Id.*). Defendant also asserts that because he has changed residences several times over the last three years, he has "lost a significant amount of personal belongings and business records." (*Id.*) ("Regarding my tax returns, I have not yet filed for 2023. Additionally, I do not possess copies of my 2021 or 2022 tax returns, as they were lost in transit during my moves.").

Because of these pending motions, discovery has come to a halt. At the November 6 conference, I warned the parties that if there was a lack of response or any delaying tactics with respect to discovery from either side, I would take action, which could include an order to show cause. (ECF 110 at 8). However, because Defendant is *pro se*, I will afford him <u>one last opportunity</u> to clarify his answers to Plaintiff's document requests and interrogatories. Plaintiff's motion is **DENIED without prejudice to renewal**.

The parties are directed to meet and confer by **March 25, 2025,** regarding Defendant's answers to Plaintiff's document requests and interrogatories and whether Defendant wishes to change or supplement any of their responses. If the parties cannot

---

[1] Plaintiff indicates that there are at least three related actions involving the marks at issue in this case: *Lopez v. Eventbrite, Inc., et al.*, 24-CV-5144 (JPO) (OTW); *Lopez v. New York City Tourism + Conventions, Inc., et al.*, 24-CV-7106 (DEH) (JW); and *Lopez v. Adams, et al.*, 24-CV-7808 (JGK).

come to an agreement, Plaintiff is directed to file a renewed letter motion with a brief of no more than 5 pages, not including any exhibits, by **March 28, 2025,** detailing Plaintiff's document requests and interrogatories and explaining what information and/or documents Defendant claims he does not have or have access to, and why Plaintiff believes such answers are false or in bad faith. Plaintiff should include, where appropriate, exhibits of filings from the three related actions identified in ECF 129 and explain why they undermine Defendant's answers. Defendant is directed to file a responsive letter brief of no more than 5 pages, not including any exhibits, by **April 11, 2025.** Defendant must explain in detail why the information or documents at issue are not within his possession or control or readily accessible to him. Because the filings are made to the Court, they must comply with Fed. R. Civ. P. 11. If Defendant requires additional assistance with this case, he may contact the Pro Se Intake Unit at 212-805-0175, or at https://www.nysd.uscourts.gov/prose/role-of-the-prose-intake-unit/contact.

The Court will inform the parties if further briefing is necessary.

**Defendant is warned that if the Court finds that he has made false or misleading factual assertions and/or purposefully hidden information or documents that should have been produced, the Court <u>will</u> entertain a spoliation motion or other motion for sanctions from Plaintiff under Rule 11, 16, and/or 37.**

### 3. Discovery Deadline Extended to April 30, 2025

The case management plan set the fact discovery deadline for March 1, 2025. (ECF 99). Plaintiff's motion seeks an extension of the fact discovery deadline to May 30, 2025. (ECF 127). Defendant "strongly objects to such an extension, although he did not

4

provide any reasons for such refusal." (ECF 127). Plaintiff's motion is **GRANTED.** Fact discovery is hereby extended to **April 30, 2025, without prejudice to further extensions.**

Plaintiff is directed to serve a copy of this Order on the Defendant and file proof of service on the docket.

The Clerk of Court is respectfully directed to close ECF Nos. 113, 123, and 127.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: March 18, 2025<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |