UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ )

CITY OF NEW YORK,

      Plaintiff,

    v.-

ROBERT G. LOPEZ,

      Defendant.

------------------------------------------------------------------X

**ECF CASE**

21 CIV. 7862-(JPO) (OTW)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

**WHEREAS**, Plaintiff City of New York ("Plaintiff" or the "City") commenced this civil trademark infringement action against Defendant Robert G. Lopez ("Defendant" or "Lopez") on September 21, 2021, by the filing of the Summons and Complaint [Dkt. 1], which were personally served on Defendant on September 23, 2021 [Dkt. 10], and

**WHEREAS,** the Complaint pleads sufficient facts and states claims against Defendant for (i) trademark infringement, false designation of origin, and unfair competition in violation of Section s 32 and 43(a) the Lanham Act, 15 U.S.C. §§ 1114 and 1125 (a) (Count I and II); and (ii) trademark dilution in violation of New York law, N.Y. Gen. Bus. Law .§ 360-l (Count III), based on Defendant's use in commerce of certain stylized trademarks and service marks; and

**WHEREAS,** the City owns valid and subsisting federal registrations in a number of classes for trademarks and service marks covering souvenir merchandise, including but not limited to U.S. Reg. Nos. 3668124, 3858973, 3921788, 4661895, 3122929, 3386271, 3780909, 3221347, 3221348, 3065742, 3345202, 5410509; 5421544; 5421546; 5461872; and 3350450, as shown below

   

   

(hereafter referred to as the "City Trademarks"); and

**WHEREAS,** Plaintiff claims that Lopez copied several City Trademarks to create various stylized NYC NEW YORK CANNABIS™ marks, including NYC NEW YORK CANNABIS, NYC Direct, NEW YORK CANNABIS DEPARTMENT OF CULTIVATION, and NEW YORK CANNABIS, as shown below

  

  

(collectively referred to hereinafter as the "NYC NEW YORK CANNABIS Marks"); and

WHEREAS, Lopez owns one New York State trademark registration, R33743, and two New York State service mark registrations, S25230 and S25231, with respect the stylized NYC NEW YORK CANNABIS Marks; and

**WHEREAS**, on December 21, 2022, the Court issued a preliminary injunction [Dkt. 44], which enjoined Lopez, and his agents, servants, employees, and all other persons or entities in active concert or participation with him, from using the NYC NEW YORK CANNABIS Marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by the City; and

**WHEREAS**, in order to settle the controversy between them, the parties have entered into Settlement Agreement and Release, effective as of August 8, 2025, which has been so ordered by this Court [Dkt. 147]; and

**WHEREAS**, the Settlement Agreement and Release provide in relevant part for the entry of a permanent injunction containing the same terms as the preliminary injunction and further providing for the cancellation of the New York State trademark and service mark registrations for the stylized NYC NEW YORK CANNABIS Marks;

**NOW THEREFORE**, upon consent of the parties hereto, it is **HEREBY ORDERED, ADJUDGED** and **DECREED**:

1. This Court has subject matter jurisdiction over the City's claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

2. This Court has personal jurisdiction over Defendant because he was personally served with the Summons and Complaint, and he operated a retail store and maintained interactive websites accessible to users in this district, ad he has appeared in this action.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is domiciled and resides in this district, and a substantial part of the events giving rise to the claims occurred in this district.

4. This Court has pendent jurisdiction over the claims for relief under state law.

5. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims against Defendant for purpose of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

6. Defendant waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

7. Defendant, and his agents, servants, employees, and all other persons or entities in active concert or participation with him, are hereby permanently enjoined from:

    a. Using the NYC NEW YORK CANNABIS trademarks and/or service marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by Plaintiff;

    b. Using any false description or representation, including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods, services packaging or promotional materials as being Plaintiff's, or as being sponsored, endorsed, approved by, or affiliated or associated with, Plaintiff, and from offering such goods and services in commerce;

    c. Infringing the City Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products or their packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the City Trademarks;

d. . Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the City Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any goods or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiff;

e. Making any statement or representation, or using any false designation of origin or false description, or performing any act, which is likely to lead the trade or public, or individual members thereof, to believe that any goods or services offered or sold by Defendant are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

f. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of goods or services that infringe or dilute the City Trademarks; and

g. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this order or any order in this action;

    h. Creating, registering, using, linking, transferring, selling, exercising control over, or otherwise owning any domain name or social media account that incorporates, in whole or in part, any of the City Trademarks, or any confusingly similar variation thereof.

8. A violation of any of the terms of this Consent Judgment and Permanent Injunction may be considered and prosecuted as contempt of Court.

9. Defendant shall promptly file with the New York Secretary of State a voluntary request for cancellation of the trademark and service mark registrations for his stylized NYC NEW YORK CANNABIS Marks, to wit, R33742, S25230 and S25231, pursuant to subdivision (a) of Section 360-h of the N.Y. General Business Law, and shall provide proof of said filing to the Plaintiff. In the event Defendant fails to file such a request with the Secretary of State, Plaintiff may seek an order from this Court, pursuant to subdivision (c) of Section 360-h of the N.Y. Business Corporation Law.

10. This Court retains jurisdiction of this matter for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction.

11. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

12. Plaintiff shall mail a copy of this Consent Judgment and Permanent Injunction to Defendant following execution and entry by the Court and file proof of such mail service.

SO ORDERED.

Dated: November 24, 2025

> The Clerk of Court is directed to terminate any open motions and close this case.

*[signature]*

J. PAUL OETKEN
United States District Judge